■ In the Matter of FREDERICK CARPENTER, III, Respondent, v TOWN OF BABYLON, Appellant.—In a proceeding pursuant to General Municipal Law § 50-e (5) for leave to serve a late notice of claim, the appeal is from an order of the Supreme Court, Suffolk County (Gowan, J.), entered January 15, 1988, which granted the petition.

Ordered that the order is affirmed, without costs or disbursements.

The court did not improvidently exercise its discretion in granting the petitioner's application for leave to serve a late notice of claim *(see, Cohen v Pearl Riv. Union Free School Dist.,* 51 NY2d 256; General Municipal Law § 50-e [5]). The petitioner presented sufficient facts to establish that there was a nexus between his infancy and the delay in filing a notice of claim and that the Town of Babylon had actual knowledge of the essential facts of the incident within 90 days of its occurrence. Under the circumstances, we agree with the court's determination that the disability of infancy outweighed any prejudice to the town from the delay *(see, Matter of Tetro v Plainview-Old Bethpage Cent. School Dist.,* 99 AD2d 814; *cf., Matter of Andersen v Nassau County Med. Center,* 135 AD2d 530; *Matter of Katz v Rockville Centre Union Free School Dist.,* 131 AD2d 574, *lv denied* 71 NY2d 801).

Although the petitioner failed to explain the five-month delay between the time he reached his majority and the commencement of this proceeding, the absence of an acceptable excuse is not fatal *(see, Quirk v Morrissey,* 106 AD2d 498; *Matter of Cicio v City of New York,* 98 AD2d 38; *cf., Matter of Coyne v Cold Spring Harbor Cent. School Dist.,* 132 AD2d 660). The petitioner filed a notice of claim within 90 days of his eighteenth birthday and, as previously noted, the town had actual knowledge of its potential liability at the time the incident occurred. Kunzeman, J. P., Rubin, Eiber and Rosenblatt, JJ., concur.