■ JOSEPHINE STATON, Respondent, v NEW YORK CITY HOUSING AUTHORITY, Appellant.—Order, Supreme Court, New York County (Eugene L. Nardelli, J.), entered July 20, 1989, which granted plaintiff's motion for leave to file a late notice of claim, unanimously affirmed, without costs.

Plaintiff slipped and broke her leg at home on a wet floor caused by a leaky faucet, which she had reported to defendant just prior to the accident. After the injury, she called again, and within 30 minutes, defendant responded with a representative who shut off the water as plaintiff was being removed to the hospital in an ambulance. A police report described the incident and further indicated that defendant's insurance investigative arm, the General Adjustment Bureau, was also notified. When plaintiff emerged from her second hospitalization two months later, she called defendant's office on the telephone and was told "not to worry" and that "they" were aware of her claim. More than a year passed before she consulted legal counsel and learned for the first time of the requirement of filing a formal notice of claim in accordance with General Municipal Law § 50-e (1) (a).

General Municipal Law § 50-e (5) gives the court discretion to extend time to serve a notice of claim. Among the factors to be considered is whether the delay in serving the formal notice substantially prejudiced the public corporation in maintaining a defense on the merits. Absent such a showing, an inexplicable delay, even based upon ignorance of the law, will be excused if it can be shown that the public corporation had actual notice of the incident (*Matter of Gerzel v City of New York,* 117 AD2d 549, 551). Here there were several corroborated instances of actual notice to defendant, which satisfied the primary legislative purpose of affording adequate opportunity to investigate the claim promptly while the facts were still fresh (*Matter of Beary v City of Rye,* 44 NY2d 398, 412). In the absence of any showing of prejudice by defendant, the granting of leave to file a late notice of claim was a proper exercise of judicial discretion. Concur—Sullivan, J. P., Ross, Rosenberger, Kassal and Wallach, JJ.