■ In the Matter of EVELYN FERRER et al., Appellants, v CITY OF NEW YORK, Respondent.—Order, Supreme Court, New York County (Leland DeGrasse, J.), entered August 16, 1989, which denied petitioners' application to file a late notice of claim against the respondent City of New York, unanimously reversed, on the law, the facts and in the exercise of discretion, and the application is granted, without costs.

On October 17, 1988, petitioner Karl Ferrer sustained injuries when he tripped on debris while working at a construction site owned by the City of New York. He consulted an attorney in March 1989, and applied April 2, 1989 for permission to file a late notice of claim under General Municipal Law § 50-e (5), alleging that he had been confined to bed except for visits to a hospital and his doctor, that the City had representatives at the job site whom he believed had notice of the accident and were familiar with the surrounding conditions, and that the City would not be prejudiced by the two and one-half month delay in filing a notice of claim.

General Municipal Law § 50-e permits the courts to strike an equitable balance between a public corporation's need for prompt notification of a claim against it, and an injured party's interest in just compensation *(Matter of Gerzel v City of New York,* 117 AD2d 549). The City claimed that in view of the petitioners' failure to give timely notice, there was "no way that the City can reconstruct the conditions prevailing then." However, since the injury herein allegedly resulted from a fall on construction debris at a massive construction site, it is highly unlikely that the conditions existing at the time of the accident would have existed until the end of the 90-day period in which a claim could have been timely filed; thus the additional two and one-half month delay appears not to have been substantially prejudicial. Upon evaluating the circumstances presented by petitioners' application in light of the criteria set forth in General Municipal Law § 50-e (5), we conclude that the Supreme Court improvidently exercised its discretion in denying petitioners leave to adjudicate their claims on the merits *(Matter of Nayyar v Board of Educ.,* 169 AD2d 628). Concur—Sullivan, J. P., Carro, Ellerin, Wallach and Ross, JJ.