■ VANESSA MOORE, Individually and as Mother and Natural Guardian of SAMANTHA MOORE, an Infant, Respondent, v NEW YORK CITY HOUSING AUTHORITY, Appellant.—Order, Supreme Court, New York County (Martin Stecher, J.), entered March 20, 1991, which granted the infant-plaintiff's motion to serve a late notice of claim, and order of said court and Justice, entered June 3, 1991, which denied defendant's motion for leave to renew, unanimously affirmed, without costs.

The IAS court did not improvidently exercise its discretion in granting plaintiffs' application to serve a late notice of claim which was made six months after expiration of the 90 day period in which to do so (General Municipal Law § 50-e). The plaintiffs submitted documentary evidence suggesting that defendant had received actual notice that their apartment had been deprived of heat in October 1989 and for a period thereafter as a result of which it is alleged, the infant was stricken with pneumonia and bronchitis. Here, there was no showing that the delay substantially prejudiced defendant's ability to defend the action. While the plaintiffs failed to demonstrate that the alleged condition has not changed since the occurrence of the lack of heat, "it is highly unlikely that the conditions existing at the time of the [occurrence] would

have existed until the end of the 90-day period in which a claim could have been timely filed" *(Matter of Ferrer v City of New York,* 172 AD2d 240, 241). Thus, a timely complaint would not have greatly aided defendant in its investigation. These factors, in addition to the infancy of the plaintiff, outweigh the plaintiffs' failure to adequately explain their delay in filing a timely notice *(see, Matter of Carpenter v Town of Babylon,* 150 AD2d 373).

Further, defendant's motion for renewal was properly denied since defendant failed to offer a valid excuse for not submitting the additional facts upon the original application *(Foley v Roche,* 68 AD2d 558).

We have considered defendant's remaining contentions and find them to be meritless. Concur—Kupferman, J. P., Ross, Asch and Kassal, JJ.