■ PAUL SMITHERMAN, an Infant, by His Guardian, BERTHA McDONALD, et al., Respondents, v CITY OF NEW YORK, Defendant, and NEW YORK CITY HOUSING AUTHORITY, Appellant.— Order, Supreme Court, Bronx County (Herbert Shapiro, J.), entered July 12, 1991, granting plaintiffs leave to serve a late notice of claim, unanimously affirmed, without costs.

The IAS Court properly exercised its discretion under General Municipal Law § 50-e (5) in granting plaintiffs leave to serve a late notice of claim some three and a half months after the 90-day time limit *(Matter of Jenkins v New York City Hous. Auth.,* 181 AD2d 506), defendant having acquired actual knowledge of the injury to infant-plaintiff only three days after the accident occurred when his guardian reported the accident to defendant and filled out a work sheet requesting that the door that caused the accident be repaired *(see, Moore v New York City Hous. Auth.,* 184 AD2d 238). There is no indication that defendant will be substantially prejudiced since it is unlikely that the conditions that existed at the time of the occurrence would have existed until the end of the 90-day period in which a claim could have been timely filed *(see, supra,* at 239, citing *Matter of Ferrer v City of New York,* 172 AD2d 240, 241).

We have considered defendant's remaining contentions and find them to be without merit. Concur—Sullivan, J. P., Carro, Wallach, Kupferman and Kassal, JJ.