■ In the Matter of JANINA ANTONIK, Individually, as Administratrix of the Estate of MARIAN ANTONIK, Deceased, and as Mother and Natural Guardian of AGNES ANTONIK and

Another, Infants, et al., Respondents, v NEW YORK CITY HOUS-ING AUTHORITY, Appellant. [603 NYS2d 37] —Order, Supreme Court, New York County (William McCooe, J.), entered June 17, 1992, which granted petitioners' motion to serve a late notice of claim, unanimously affirmed, without costs.

The IAS Court properly exercised its discretion pursuant to General Municipal Law § 50-e (5) in granting petitioners leave to serve a late notice of claim. Although the notice of claim was served approximately one year after decedent's fatal fall from an elevator while performing construction work, respondent acquired actual knowledge of the accident the day it occurred *(Staton v New York City Hous. Auth.,* 166 AD2d 331; *Smitherman v City of New York,* 188 AD2d 276). In this regard, petitioner alleges that respondent conducted a meeting the day of the accident in which several of its representatives were present and during which decedent's employer and co-worker were questioned extensively regarding the events surrounding the accident, the manner in which the construction work was performed and the safety measures employed. In addition, New York City Housing Authority Police Officers investigated the scene of the accident after they summoned an ambulance for decedent. Moreover, since the site of the accident was in a state of flux, "it is highly unlikely that the conditions existing at the time of the accident would have existed until the end of the 90-day period in which a claim could have been timely filed" *(Matter of Ferrer v City of New York,* 172 AD2d 240, 241).

We have considered respondent's remaining contentions and find them to be without merit. Concur—Sullivan, J. P., Carro, Ellerin, Kassal and Rubin, JJ.