■ MONTY REED et al., as Guardians and Parents of KARLA J. REED, an Infant, Appellants, v CITY OF LACKAWANNA et al., Respondents. [633 NYS2d 912] —Order unanimously modified on the law and as modified affirmed without costs in accordance with the following Memorandum: On June 28, 1993, Karla J. Reed, an infant, sustained injuries when she allegedly fell into a hole on Willow Street in the City of Lackawanna. In early March 1994, claimants sought leave to serve a late notice of claim on the County of Erie (County), the Erie County Water Authority (Water Authority) and the City of Lackawanna (City). Claimants, who are residents of Pennsylvania, submitted an affidavit from Michelle Peters, a cousin of the infant. Peters averred that, two days after the accident, she telephoned the "Sewer Authority" and someone there directed her to the Water Authority. She telephoned the Water Authority and

reported the accident. The person to whom she spoke in the Restoration Department informed her that the Water Authority had performed work on a fire hydrant at the site in 1989. Peters was told to contact "dispatch" to have a truck sent out to inspect the site. Peters called and a truck came out the following week. Peters averred that the site of the accident has not changed or been altered in any way since the accident.

Supreme Court granted claimants' motion to serve a late notice of claim on the City. The City has not appealed from that portion of the order. Claimants appeal from that portion of the order denying their motion to serve late notices of claim on the County and the Water Authority.

The court abused its discretion in denying claimants' motion to serve a late notice of claim on the Water Authority. Claimants presented evidence that the Water Authority had actual knowledge of the accident within days of its occurrence *(see, Matter of Antonik v New York City Hous. Auth.,* 197 AD2d 457, 458; *Matter of Licari v New York City Hous. Auth.,* 181 AD2d 558).* Moreover, the infancy of Karla Reed weighs in favor of allowing service of a late notice of claim *(see, Matter of Ziecker v Town of Orchard Park,* 70 AD2d 422, 426-427, *affd* 51 NY2d 957).* The six-month time period between the expiration of the 90-day notice of claim period and claimants' motion is a comparatively short period of delay *(see, Matter of Underwood v New York City Hous. Auth.,* 177 AD2d 698, 699).* Moreover, claimants presented uncontradicted proof that the site of the infant's accident remains unchanged; thus, the Water Authority has not been hindered in its investigation of the accident site by a subsequent change in its condition *(see, Matter of Andersen v Brewster Cent. School Dist.,* 189 AD2d 1068, 1069; *Matter of Cannistra v Town of Putnam Val.,* 124 AD2d 801, 802).*

The court properly denied claimants' motion to serve a late notice of claim on the County. Claimants failed to present evidence that the County had actual notice of the accident. Claimants provided no evidence concerning which "Sewer Authority" was contacted by Peters. In the absence of evidence that the unidentified "Sewer Authority" is under the auspices of the County of Erie, notice to one of its employees cannot be deemed notice to the County. Moreover, the County presented uncontradicted evidence that it neither owns nor maintains Willow Street, the site of the accident. (Appeal from Order of Supreme Court, Erie County, Whelan, J.—Late Notice of Claim.) Present—Pine, J. P., Fallon, Callahan, Doerr and Davis, JJ.