■ In the Matter of ALAYNE C. HOWARD et al., Appellants, v ALBANY COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent. [660 NYS2d 485] —White, J. P. Appeal from an order of the Supreme Court (Teresi, J.), entered May 14, 1996 in Albany County, which denied petitioners' application pursuant to General Municipal Law § 50-e to serve a late notice of claim.

Petitioner Alayne C. Howard (hereinafter petitioner) is a first grade teacher at Germantown Central School District in the Town of Germantown, Columbia County. On March 6, 1995, she was assaulted by an emotionally disabled first grade student. The student, who was in the custody of respondent, had been placed in petitioner's classroom where he was provided with a full-time aide. At the time of the assault, however, the aide was not present in the classroom. In March 1996, petitioner and her husband made application to file a late notice of claim against respondent for injuries sustained by petitioner as a result of the assault. Supreme Court denied the application and this appeal by petitioners ensued.

We affirm. Absent an abuse of discretion, Supreme Court's determination of an application to file a late notice of claim will not be disturbed (*see, Matter of Jensen v City of Saratoga Springs*, 203 AD2d 863; *Matter of Moore v Albany County Dept. of Health*, 198 AD2d 691, 692). Among the factors considered by the court in the exercise of its discretion are (1) whether the petitioner has presented a reasonable excuse for the delay, (2) whether the municipality had actual knowledge of the facts surrounding the claim within 90 days or within a reasonable time after it arose, and (3) whether the delay would substantially prejudice the defense of the case (*see, Matter of Cure v City of Hudson School Dist.*, 222 AD2d 879, 880).

Petitioner contends, *inter alia*, that she was unable to file a timely notice because her injury impaired her ability to think, consider and make meaningful decisions regarding her legal rights until the early spring of 1996. Without denigrating the seriousness of her injury, we note that petitioner was able to travel to Italy one month after the accident. In any event, even if we were to find that petitioner presented a reasonable excuse for the delay, we nevertheless do not find that Supreme Court abused its discretion in denying petitioners' application. Petitioners have offered no evidence that respondent acquired actual knowledge of the incident within a reasonable time after its occurrence, a principal factor to be considered since it could negate the possibility that the municipality may have been substantially prejudiced by the delay (*see, Matter of McAdams v Police Dept.*, 184 AD2d 847, 848; *Staton v New York City Hous. Auth.*, 166 AD2d 331). Petitioners note that, although in the custody of respondent, the student who assaulted petitioner had been placed in the Parsons Child and Family Center at the time he was entered in the Germantown School District. They have offered no evidence that the aide who was assigned to assist the student was an employee of respondent or that the aide reported the incident to respondent. In view of all the circumstances, petitioners' application was properly denied.

Casey, Peters, Spain and Carpinello, JJ., concur. Ordered that the order is affirmed, without costs.