■ In the Matter of JAMES MAHAN et al., as Parents and Natural Guardians of DANIEL MAHAN, an Infant, Appellants, v BOARD OF EDUCATION OF SYRACUSE CITY SCHOOL DISTRICT, Respondent. [703 NYS2d 627] —Order unanimously reversed on the law without costs and application granted. Memorandum: On September 15, 1994, petitioners' son, a 12-year-old student at Grant Middle School, was allegedly dangled outside an open window by another student. The following day, petitioners reported the incident to school authorities, who took statements from petitioners' son as well as three other students. Disciplinary action was brought against the offending student, resulting in his transfer from the school. Four and a half years later, petitioners made this application to Supreme Court to serve a late notice of claim on respondent, Board of Education of the Syracuse City School District (District), alleging negligent supervision of the students. In their proposed notice of claim, petitioners contend that the students were left unsupervised with the classrooms doors locked because the teachers had been kept late in a team meeting. The court denied the application. We reverse.

In determining whether to grant an application to serve a late notice of claim, the court is required to take into consideration certain statutory factors, including whether the claim is made by an infant (*see,* General Municipal Law § 50-e [5]). "It is well settled that an extension of the statutory period within which to serve a notice of claim will not automatically be granted merely because the claimant is an infant" (*Matter of Shea v City of N. Y. Bd. of Educ.,* 222 AD2d 510; *see also, Matter of Altavilla v Patchogue Medford School Dist.,* 221 AD2d 434, 435). The fact that the claimant is an infant, however, "weighs in favor of allowing service of a late notice of claim" (*Reed v City of Lackawanna,* 221 AD2d 967, 968). The other factors that the court should consider are whether the claimant has provided a reasonable excuse for the delay, whether

the municipality had actual or constructive notice of the essential facts constituting the claim within 90 days of its accrual and whether the municipality will suffer substantial prejudice as a result of the late filing (*see, More v General Brown Cent. School Dist.*, 262 AD2d 1030). Where "the claimant is an infant, respondent was given notice of the accident and claim shortly after expiration of the 90-day period, and respondent failed to show that it has been prejudiced by the delay, the application for permission to file a late notice of claim must be granted" (*Woods v Geneva Hous. Auth.* [appeal No. 1], 210 AD2d 991).

Here, petitioners reported the incident to the District the day after it occurred and an investigation was conducted. The investigation led to disciplinary action against the other student. Although the District asserts in opposition to the application that it would be prejudiced as a result of the unavailability of witnesses and deterioration of memories, it did not offer evidence that witnesses were actually unavailable or unable to recall the details surrounding the event. Nor does the record support the claim of the District that it was unaware of the seriousness of the alleged injuries to petitioners' son. School records indicate that school officials were told that health care providers for petitioners' son believed that he was suffering from posttraumatic stress syndrome as a result of the incident. (Appeal from Order of Supreme Court, Onondaga County, McCarthy, J.—Notice of Claim.) Present—Wisner, J. P., Pigott, Jr., Hurlbutt and Balio, JJ.