■■■ In the Matter of STEPHEN P. KLIMENT, Respondent, v CITY OF SYRACUSE, Appellant. [741 NYS2d 819] —Appeal from an order and judgment (one document) of Supreme Court, Onondaga County (Major, J.), entered September 12, 2001, which granted petitioner's application for leave to file a late notice of claim.

It is hereby ordered that the order and judgment so appealed from be and the same hereby is unanimously reversed on the law without costs and the application is denied.

Memorandum: Although courts are vested with broad discretion in determining whether to grant an application for leave to serve a late notice of claim pursuant to General Municipal Law § 50-e (5) (*see Wetzel Servs. Corp. v Town of Amherst,* 207 AD2d 965), we conclude that Supreme Court abused that discretion in granting petitioner's application for leave to serve a late notice of claim. Petitioner failed to establish either a reasonable excuse for the delay or that respondent had actual or constructive notice of the essential facts constituting the claim, two of the three key factors relevant to determining whether such relief should be granted (*see Love v City of Auburn,* 280 AD2d 982).

In his proposed notice of claim, petitioner asserts that respondent breached a duty to him by failing to "provide a safe crossing at the busy intersection of Adams and Almond Streets

immediately following the Syracuse University football game." With respect to a reasonable excuse for the delay, petitioner asserted in a supporting affidavit that he had recently become aware of a "duty undertaken by Syracuse University in conjunction with the Syracuse Police Department and the City of Syracuse in providing for the safety of pedestrians making their way to and from Carrier Dome events," but he provided no details concerning the alleged duty. Petitioner further asserted that he had always observed and relied upon Syracuse Police Department personnel to provide for the safety of pedestrians crossing the intersection at issue after football games but that such personnel were "inexplicably" absent after the game on September 30, 2000. Petitioner failed to explain why lack of awareness of the alleged duty undertaken by Syracuse University in conjunction with the Syracuse Police Department affected his ability to make a claim against respondent, and thus that lack of awareness does not constitute a reasonable excuse for the delay. Petitioner further asserts in a reply affidavit that his nine-day hospitalization as a result of his injuries constitutes a reasonable excuse for the delay. We disagree. Petitioner failed to establish "that [his] physical incapacitation was of such extent and duration that [he] was prevented from filing a notice of claim within the 90-day statutory period" (*Matter of Pope v City of New York,* 282 AD2d 236, 236; *see Robertson v New York City Hous. Auth.,* 237 AD2d 501, 502, *appeal dismissed* 90 NY2d 844, *rearg denied* 90 NY2d 937; *Carroll v City of New York,* 130 AD2d 702).

With respect to actual or constructive notice of the essential facts constituting the claim, we reject petitioner's contention that respondent had such notice as a result of the police report of the accident in which petitioner was injured. Although the Syracuse Police Department investigated the accident and the driver of the vehicle that struck petitioner was charged with violations of the Vehicle and Traffic Law, including driving while intoxicated and failing to stop at a red light, the police report itself made no connection between the accident and any alleged negligence on the part of respondent. Thus, notice of the essential facts constituting the claim cannot be imputed to respondent based on the police report (*see Matter of Leiblein v Clark,* 207 AD2d 348, 350; *see also Matter of Curiel v Town of Thurman,* 289 AD2d 737, 738, *lv denied* 97 NY2d 611). Present—Pine, J.P., Hayes, Wisner, Scudder and Kehoe, JJ.