■ In the Matter of KENNETH CONNAUGHTON, Respondent, v NEW YORK CITY TRANSIT AUTHORITY, Appellant. [753 NYS2d 80] —Order, Supreme Court, New York County (Sheila Abdus-Salaam, J.), entered October 3, 2001, which granted petitioner's motion for leave to serve a late notice of claim for injuries sustained in a fall on steps leading into a subway station, unanimously affirmed, without costs.

Petitioner's submissions sufficiently show that the delay in serving a notice of claim was due to disabling physical and mental conditions caused by the accident, and that respondent's token clerk was told about the accident shortly after it happened by petitioner's companion (*see Matter of Strauss v New York City Tr. Auth.*, 195 AD2d 322). In addition, the accumulation of water and ice on the stairs was either a transient condition that respondent likely could not have investigated even if it had been served with a timely notice (*see id.*), or, if caused by a clogged drain that respondent had a duty to maintain, as petitioner alleges, should have generated inspection and maintenance records that respondent can retrieve. Respondent's evidence that it was not responsible for maintaining the steps on which petitioner fell or the appurtenant drain pipe does not dispel the possibility that the water and ice on the steps were caused by a backup in the pipes lower down, or otherwise demonstrate that petitioner's claim is "patently meritless" (*see Caldwell v 302 Convent Ave. Hous. Dev. Fund Corp.*, 272 AD2d

112, 114). Concur—Buckley, J.P., Ellerin, Lerner, Friedman and Marlow, JJ.