■■■ In the Matter of DANIELLE TRUSSO, Respondent, v BOARD OF EDUCATION OF JAMESTOWN CITY SCHOOL DISTRICT, Also Known as JAMESTOWN PUBLIC SCHOOLS, Appellant. [805 NYS2d 909]—

Appeal from an order of the Supreme Court, Chautauqua County (Frederick J. Marshall, J.), entered September 16, 2004. The order granted claimant's application for leave to serve a late notice of claim.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Supreme Court did not abuse its discretion in granting claimant's application for leave to serve a late notice of claim upon respondent (*see* Education Law § 3813 [2-a]; General Municipal Law § 50-e [5]; *cf. Hale v Webster Cent. School Dist.*, 12 AD3d 1052 [2004]; *Palumbo v City of Buffalo*, 1 AD3d 1032 [2003]). The claim seeks damages from respondent for the alleged sexual harassment/abuse of claimant by an alleged employee of respondent. The alleged harassment/abuse occurred between April and December 2001, when claimant was 15 or 16 years of age, and claimant sought leave to serve a late notice of claim in July 2004. Claimant had attained the age of 18 years in September 2003.

The court properly concluded that claimant established a reasonable excuse for her delay in serving the notice of claim based

upon her infancy at the time the notice of claim should have been served (see *Matter of Andrew T.B. v Brewster Cent. School Dist.*, 18 AD3d 745, 747 [2005]; *Matter of Sanna v Bethpage Pub. Schools Union Free School Dist. 21*, 193 AD2d 606 [1993]; *see also Matter of Mahan v Board of Educ. of Syracuse City School Dist.*, 269 AD2d 834 [2000]). The court further properly determined that respondent or its agents had actual knowledge of the essential facts constituting the claim no later than May 2003, which was within a reasonable time after accrual (see Education Law § 3813 [2-a]; General Municipal Law § 50-e [5]; *see also More v General Brown Cent. School Dist.*, 262 AD2d 1030 [1999]). Further, the record demonstrates that respondent was not substantially prejudiced as a result of claimant's delay in serving the notice of claim because it could have conducted a full investigation into the claim as of May 2003 (see *Marchetti v East Rochester Cent. School Dist.*, 302 AD2d 930 [2003]; *Matter of O'Connor v County of Erie*, 259 AD2d 964 [1999]), although it evidently failed to do so. Present—Pigott, Jr., P.J., Green, Kehoe, Martoche and Pine, JJ.