■ In the Matter of Courtney Nicole R., Respondent, v Moravia Central School District, Appellant. (Appeal No. 1.) [813 NYS2d 320]—Appeal from an order of the Supreme Court, Cayuga County (Peter E. Corning, A.J.), entered March 29, 2005. The order granted petitioner's application for leave to serve a late notice of claim.

Appeal from an order of the Supreme Court, Cayuga County (Peter E. Corning, A.J.), entered July 11, 2005. The order, insofar as appealed from, upon renewal, granted petitioner's application for leave to serve a late notice of claim.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Respondent appeals from an order that granted its motion for leave to renew and, upon renewal, adhered to Supreme Court's prior decision granting petitioner's application for leave to serve a late notice of claim. Contrary to respondent's contention, the court did not abuse its discretion in granting petitioner's application. The claim concerns the alleged sexual abuse of petitioner by a teacher between November 2001 and March 2002, when petitioner was 15 years of age, and petitioner seeks to recover from respondent as the teacher's employer. Petitioner attained the age of 18 in June 2004, and she sought leave to serve the late notice of claim in November 2004. We agree with the court that petitioner established a reasonable excuse for her delay in serving the notice of claim based upon her infancy (*see Matter of Trusso v Board of Educ. of Jamestown City School Dist.*, 24 AD3d 1302 [2005]; *see generally Matter of Mahan v Board of Educ. of Syracuse City School Dist.*, 269 AD2d 834 [2000]; *Matter of Sanna v Bethpage Pub. Schools Union Free School Dist. 21*, 193 AD2d 606, 606-607 [1993]), and based upon psychological issues that subsequently arose as a result of the alleged abuse (*see Matter of Connaughton v New York City Tr. Auth.*, 301 AD2d 389 [2003]; *Fish v New York Mills Union Free School Dist.*, 151 AD2d 976 [1989]). In addition, respondent concedes that it had actual knowledge of the essential facts constituting the claim no later than February 2003, which was within a reasonable time after accrual (*see* General Municipal Law § 50-e [5]; *Trusso*, 24 AD3d at 1303), and respondent was not substantially prejudiced by the delay inasmuch as it could have conducted a full investigation into the claim at that time, although it does not appear from the record that respondent did so (*see Trusso*, 24 AD3d at 1303; *see generally Marchetti v East Rochester Cent. School Dist.*, 302 AD2d 930 [2003]; *Matter of O'Connor v County of Erie*, 259

AD2d 964 [1999]). Present—Gorski, J.P., Martoche, Smith, Green and Pine, JJ.