# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1144**
**CA 12-00642**
PRESENT: SCUDDER, P.J., SMITH, FAHEY, CARNI, AND VALENTINO, JJ.

BOBBIE D. BROWN AND JOSEPH BROWN,
CLAIMANTS-APPELLANTS,

V                                             MEMORANDUM AND ORDER

CITY OF BUFFALO, RESPONDENT-RESPONDENT.

LIPSITZ GREEN SCIME CAMBRIA LLP, BUFFALO (JOHN A. COLLINS OF COUNSEL), FOR CLAIMANTS-APPELLANTS.

TIMOTHY A. BALL, CORPORATION COUNSEL, BUFFALO (DAVID M. LEE OF COUNSEL), FOR RESPONDENT-RESPONDENT.

---------------------------------------------------------------------------------------------------

Appeal from an order of the Supreme Court, Erie County (Frederick J. Marshall, J.), entered July 5, 2011.  The order denied the application of claimants for leave to serve a late notice of claim.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum:  Supreme Court properly denied claimants' application for leave to serve a late notice of claim (*see* General Municipal Law § 50-e [5]; *Santana v Western Regional Off-Track Betting Corp*., 2 AD3d 1304, 1304, *lv denied* 2 NY3d 704).  Bobbie D. Brown (claimant) allegedly suffered personal injuries when she drove off the roadway up an embankment at the dead end of Titus Avenue in respondent, City of Buffalo.  Thirteen months after the accident, claimants sought leave to serve a late notice of claim that alleged that claimant's injuries resulted from respondent's negligence in failing to provide adequate lighting, signs, and/or guardrails at the dead end of Titus Avenue. Claimants asserted that respondent had actual knowledge of the claim through its police response to the accident and the police accident report.

"It is well settled that key factors for the court to consider in determining an application for leave to serve a late notice of claim are whether the claimant[s] [have] demonstrated a reasonable excuse for the delay, whether [respondent] acquired actual knowledge of the essential facts constituting the claim within 90 days of its accrual or within a reasonable time thereafter, and whether the delay would substantially prejudice [respondent]" (*Le Mieux v Alden High School*, 1 AD3d 995, 996).  Here, the court did not abuse its discretion in denying the application inasmuch as claimants failed to establish a reasonable excuse for the delay or that respondent had " 'actual

knowledge of the essential facts constituting the claim' " (*Folmar v Lewiston-Porter Cent. School Dist.*, 85 AD3d 1644, 1645).

Here, claimants asserted as an excuse for their failure to serve a timely notice of claim only that they were unaware of the notice of claim requirement. Thus, claimants did not establish a reasonable excuse for their delay (*see Le Mieux*, 1 AD3d at 996). With respect to actual knowledge, we note that, "for a [police] report to provide actual knowledge of the essential facts, one must be able to readily infer from that report that a potentially actionable wrong had been committed by the public corporation" (*Matter of Taylor v County of Suffolk*, 90 AD3d 769, 770; *see Matter of Devivo v Town of Carmel*, 68 AD3d 991, 992). Here, however, claimants failed to demonstrate that respondent had "actual knowledge of the essential facts constituting the claim" through the police accident report, which stated that claimant was injured after she failed to "realize" that the street came to a dead end (*Wencek v County of Chautauqua*, 132 AD2d 950, 951; *see Washington v City of New York*, 72 NY2d 881, 883; *cf. Innes v County of Genesee*, 99 AD2d 642, 643, *affd* 62 NY2d 779). Furthermore, "[t]he fact that [respondent's Police Department] had knowledge of this incident, without more, cannot be considered actual knowledge of the claim against [respondent]" (*Matter of Mitchell v Town of Greenburgh*, 96 AD3d 852, 852-853; *see generally Williams v Town of Irondequoit*, 59 AD2d 1049, 1050).

Finally, although we agree with claimants that respondent "failed to substantiate [its] conclusory assertions that [it was] substantially prejudiced by the [13-month] delay" (*Terrigino v Village of Brockport*, 88 AD3d 1288, 1288 [internal quotation marks omitted]), we nevertheless conclude that the court properly denied claimants' application inasmuch as they failed to present a reasonable excuse for the delay and respondent lacked timely knowledge of the facts constituting the claim (*see Santana*, 2 AD3d at 1304-1305).

Entered: November 9, 2012                     Frances E. Cafarell
                                              Clerk of the Court