# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

1320

CA 13-01061

PRESENT: SMITH, J.P., FAHEY, LINDLEY, VALENTINO, AND WHALEN, JJ.

---

CHERYL GUGA, INDIVIDUALLY,
AND AS PARENT AND NATURAL GUARDIAN OF MEGAN
CHAPIN, CLAIMANT-RESPONDENT,

V                                                  MEMORANDUM AND ORDER

WATERTOWN BOARD OF EDUCATION, WATERTOWN CITY
SCHOOL DISTRICT, WATERTOWN HIGH SCHOOL AND
CASE MIDDLE SCHOOL, RESPONDENTS-APPELLANTS.

---

GOLDBERG SEGALLA LLP, SYRACUSE (MOLLY M. RYAN OF COUNSEL), FOR
RESPONDENTS-APPELLANTS.

CARLISLE CARROTHERS & CLOUSH, P.C., OGDENSBURG (REBECCA A. SIMSER OF
COUNSEL), FOR CLAIMANT-RESPONDENT.

---

Appeal from an order of the Supreme Court, Jefferson County
(James P. McClusky, J.), entered September 5, 2012.  The order granted
the application of claimant for leave to serve a late notice of claim.

It is hereby ORDERED that the order so appealed from is
unanimously affirmed without costs.

Memorandum:  Respondents appeal from an order granting claimant's
application for leave to serve a late notice of claim.  We conclude
that Supreme Court properly granted the application.  "It is well
settled that key factors for the court to consider in determining an
application for leave to serve a late notice of claim are whether the
claimant has demonstrated a reasonable excuse for the delay, whether
the [respondents] acquired actual knowledge of the essential facts
constituting the claim within 90 days of its accrual or within a
reasonable time thereafter, and whether the delay would substantially
prejudice the [respondents] in maintaining a defense on the merits"
(*Le Mieux v Alden High Sch.*, 1 AD3d 995, 996).  Here, according to the
notice of claim, respondents assumed the affirmative duty of ensuring
that claimant's daughter (daughter) would be placed on a school bus
after school and transported home in order to avoid a potential
confrontation with two students who had threatened claimant's older
child (*see Wenger v Goodell*, 220 AD2d 937, 938).  Respondents then
breached that duty by failing to instruct the daughter to take the bus
home or even to make her aware of the potential danger, as a result of
which the daughter walked home and was assaulted by the two students
off school property.  Claimant established a reasonable excuse for the
delay, i.e., she was unaware of the serious nature of her daughter's

injury and its permanency during the 90-day period and submitted medical records demonstrating the progressive and worsening nature of the injury (*see Matter of Greene v Rochester Hous. Auth.*, 273 AD2d 895, 895).  We note that "the [daughter's] infancy . . . weighs in favor of allowing service of a late notice of claim," and the six-month period between the assault and claimant's application "is a comparatively short period of delay" (*Reed v City of Lackawanna*, 221 AD2d 967, 968).  We conclude that respondents had "actual or constructive notice of the essential facts constituting the claim" (*Matter of Kliment v City of Syracuse*, 294 AD2d 944, 945), inasmuch as it is undisputed that respondents had actual knowledge of the assault and the daughter's immediate injuries.

We further conclude that late service will not substantially prejudice respondents in maintaining a defense on the merits, inasmuch as they investigated the incident by questioning students and faculty "within days of its occurrence" (*Reed*, 221 AD2d at 968).  Moreover, respondents have already established their defense by asserting that they never assumed an affirmative duty.  Finally, we note that, although respondents submitted affidavits in opposition to claimant's application in which the employees involved denied making the assurances set forth in the notice of claim, the affidavits merely present a factual dispute for trial and do not render the claim patently meritless (*see generally Matter of Catherine G. v County of Essex*, 3 NY3d 175, 179).

Entered:  January 3, 2014                    Frances E. Cafarell
                                             Clerk of the Court