Memorandum: Respondents appeal from an order granting claimant’s application for leave to serve a late notice of claim. We conclude that Supreme Court properly granted the application. “It is well settled that key factors for the court to consider in determining an application for leave to serve a late notice of claim are whether the claimant has demonstrated a reasonable excuse for the delay, whether the [respondents] acquired actual knowledge of the essential facts constituting the claim within 90 days of its accrual or within a reasonable time thereafter, and whether the delay would substantially prejudice the [respondents] in maintaining a defense on the merits” (Le Mieux v Alden High School, 1 AD3d 995, 996 [2003]). Here, according to the notice of claim, respondents assumed the affirmative duty of ensuring that claimant’s daughter (daughter) would be placed on a school bus after school and transported home in order to avoid a potential confrontation with two students who had threatened claimant’s older child (see Wenger v Goodell, 220 AD2d 937, 938 [1995]). Respondents then *1109 breached that duty by failing to instruct the daughter to take the bus home or even to make her aware of the potential danger, as a result of which the daughter walked home and was assaulted by the two students off school property. Claimant established a reasonable excuse for the delay, i.e., she was unaware of the serious nature of her daughter’s injury and its permanency during the 90-day period and submitted medical records demonstrating the progressive and worsening nature of the injury (see Matter of Greene v Rochester Hous. Auth., 273 AD2d 895, 895 [2000]). We note that “the [daughter’s] infancy . . . weighs in favor of allowing service of a late notice of claim,” and the six-month period between the assault and claimant’s application “is a comparatively short period of delay” (Reed v City of Lackawanna, 221 AD2d 967, 968 [1995]). We conclude that respondents had “actual or constructive notice of the essential facts constituting the claim” (Matter of Kliment v City of Syracuse, 294 AD2d 944, 945 [2002]), inasmuch as it is undisputed that respondents had actual knowledge of the assault and the daughter’s immediate injuries.
We further conclude that late service will not substantially prejudice respondents in maintaining a defense on the merits, inasmuch as they investigated the incident by questioning students and faculty “within days of its occurrence” (Reed, 221 AD2d at 968). Moreover, respondents have already established their defense by asserting that they never assumed an affirmative duty. Finally, we note that, although respondents submitted affidavits in opposition to claimant’s application in which the employees involved denied making the assurances set forth in the notice of claim, the affidavits merely present a factual dispute for trial and do not render the claim patently meritless (see generally Matter of Catherine G. v County of Essex, 3 NY3d 175, 179 [2004]). Present — Smith, J.P., Fahey, Lindley, Valentino and Whalen, JJ.