# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**374**
**CA 16-01573**
PRESENT: CENTRA, J.P., PERADOTTO, DEJOSEPH, CURRAN, AND SCUDDER, JJ.

---

VINCENT BREGE, PLAINTIFF-APPELLANT,

V                                                    MEMORANDUM AND ORDER

TOWN OF TONAWANDA, DEFENDANT-RESPONDENT.

---

LAW OFFICE OF ERIC B. GROSSMAN, WILLIAMSVILLE (ERIC B. GROSSMAN OF COUNSEL), FOR PLAINTIFF-APPELLANT.

COLUCCI & GALLAHER, P.C., BUFFALO (RYAN L. GELLMAN OF COUNSEL), FOR DEFENDANT-RESPONDENT.

---------------------------------------------------------------------------------------------------

Appeal from an order of the Supreme Court, Erie County (Diane Y. Devlin, J.), entered June 23, 2016. The order denied the application of plaintiff to deem his proposed notice of claim timely served nunc pro tunc, or in the alternative, for leave to serve a late notice of claim.

It is hereby ORDERED that the order so appealed from is unanimously modified on the law by granting plaintiff's application in part and that part of the notice of claim alleging false arrest, false imprisonment and malicious prosecution is deemed timely served nunc pro tunc, and as modified the order is affirmed without costs.

Memorandum: Plaintiff appeals from an order denying his application to deem his proposed notice of claim timely served nunc pro tunc, or in the alternative, for leave to serve a late notice of claim pursuant to General Municipal Law § 50-e (5) for his claims for, inter alia, false arrest, false imprisonment and malicious prosecution. We conclude that Supreme Court abused its discretion in denying the application with respect to those three claims based solely on plaintiff's failure to provide a reasonable excuse for the delay. It is well established that "a [plaintiff's] failure to tender a reasonable excuse is not fatal where . . . actual notice was had and there is no compelling showing of prejudice to [defendant]" (*Casale v Liverpool Cent. Sch. Dist.*, 99 AD3d 1246, 1246 [internal quotation marks omitted]). Here, defendant had actual knowledge of the essential facts underlying those claims within the 90-day period (*see Lawton v Town of Orchard Park*, 138 AD3d 1428, 1428, *lv denied* 27 NY3d 912). Moreover, plaintiff met his initial burden of showing that the late notice would not substantially prejudice defendant and, in opposition, defendant failed to make a "particularized showing" of substantial prejudice caused by the late notice (*Matter of Newcomb v Middle Country Cent. Sch. Dist.*, 28 NY3d 455, 468; *see Lawton*, 138

AD3d at 1428).

We further conclude, however, that the court properly denied that part of the application with respect to the claim for defamation (*see generally Grullon v City of New York*, 222 AD2d 257, 258). Plaintiff made no showing that defendant had actual knowledge of the essential facts underlying that claim (*cf. Lawton*, 138 AD3d at 1428), and plaintiff failed to meet his initial burden of presenting "some evidence or plausible argument that supports a finding of no substantial prejudice" regarding that claim (*Newcomb*, 28 NY3d at 466).

Entered: March 31, 2017                          Frances E. Cafarell
                                                 Clerk of the Court