Matter of Borrelli v County of Erie (2021 NY Slip Op 04303)





Matter of Borrelli v County of Erie


2021 NY Slip Op 04303


Decided on July 9, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 9, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., PERADOTTO, TROUTMAN, WINSLOW, AND BANNISTER, JJ.


376 CA 20-01426

[*1]IN THE MATTER OF ANTONIO BORRELLI, CLAIMANT-RESPONDENT,
v
COUNTY OF ERIE AND ERIE COUNTY DEPARTMENT OF PUBLIC WORKS BUILDINGS AND GROUNDS DIVISION, RESPONDENTS-APPELLANTS.






MICHAEL A. SIRAGUSA, COUNTY ATTORNEY, BUFFALO (ERIN E. MOLISANI OF COUNSEL), FOR RESPONDENTS-APPELLANTS.
LIPSITZ GREEN SCIME CAMBRIA LLP, BUFFALO (JOHN A. COLLINS OF COUNSEL), FOR CLAIMANT-RESPONDENT. 


 Appeal from an order of the Supreme Court, Erie County (Joseph R. Glownia, J.), entered September 14, 2020. The order granted the claimant's application for leave to serve a late notice of claim. 
It is hereby ORDERED that the order so appealed from is unanimously reversed on the law without costs and the application is denied.
Memorandum: Respondents appeal from an order granting claimant's application for leave to serve a late notice of claim pursuant to General Municipal Law § 50-e (5). On February 13, 2019, claimant allegedly sustained injuries when he slipped on ice on the first step of the exterior stairs leading into the Erie County Court building. We conclude that claimant did not meet his burden on his application, and that Supreme Court abused its discretion in granting it. We therefore reverse the order and deny the application.
In determining whether to grant a party's application for leave to serve a late notice of claim, " 'the court must consider, inter alia, whether the claimant has shown a reasonable excuse for the delay, whether the municipality had actual knowledge of the facts surrounding the claim within 90 days of its accrual, and whether the delay would cause substantial prejudice to the municipality' " (Tate v State Univ. Constr. Fund, 151 AD3d 1865, 1865 [4th Dept 2017]; see General Municipal Law § 50-e [5]; Matter of Newcomb v Middle Country Cent. Sch. Dist., 28 NY3d 455, 461 [2016], rearg denied 29 NY3d 963 [2017]). With respect to reasonable excuse, claimant offered only the explanation that he was unaware of the notice of claim requirement. We have previously held that ignorance of the law does not constitute a reasonable excuse (see Matter of Ficek v Akron Cent. Sch. Dist., 144 AD3d 1601, 1602 [4th Dept 2016]; Brown v City of Buffalo, 100 AD3d 1439, 1440 [4th Dept 2012]; Le Mieux v Alden High School, 1 AD3d 995, 996 [4th Dept 2003]).
Claimant's unsubstantiated assertion that he informed guards on duty at the courthouse of his fall and injuries fails to establish that respondents received actual knowledge constituting the essential facts of the claim within 90 days (see General Municipal Law § 50-e [1] [a]; [5]; Le Mieux, 1 AD3d at 996; Matter of Riordan v East Rochester Schools, 291 AD2d 922, 923 [4th Dept 2002], lv denied 98 NY2d 603 [2002]; Matter of Morrison v New York City Health & Hosps. Corp., 244 AD2d 487, 488 [2d Dept 1997]; Matter of Hurley v Avon Cent. School Dist., 187 AD2d 982, 983 [4th Dept 1992]; see generally Washington v City of New York, 72 NY2d 881, 883 [1988]). We accord great weight to claimant's failure to meet his burden with respect to that factor (see Matter of Szymkowiak v New York Power Auth., 162 AD3d 1652, 1654 [4th Dept 2018]).
The fact that there may be preserved surveillance footage of the accident could work in claimant's favor (see Matter of Sproule v New York Convention Ctr. Operating Corp., 180 AD3d 496, 497 [1st Dept 2020]; see also Matter of John P. v Plainedge Union Free Sch. Dist., 165 AD3d 1263, 1264 [2d Dept 2018]), but claimant has failed to establish that the footage still exists. We therefore cannot conclude that claimant met his burden of "show[ing] that the late notice will not substantially prejudice" respondents (Newcomb, 28 NY3d at 466; see Zarrello v City of New York, 61 NY2d 628, 630 [1983]; Matter of Casale v City of New York, 95 AD3d 744, 745 [1st Dept 2012]). Even assuming, arguendo, that the surveillance footage exists, we conclude that the absence of the first two factors compels the denial of claimant's application.
Entered: July 9, 2021
Mark W. Bennett
Clerk of the Court