Matter of Antoinette C. v County of Erie (2022 NY Slip Op 00776)





Matter of Antoinette C. v County of Erie


2022 NY Slip Op 00776


Decided on February 4, 2022


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 4, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: PERADOTTO, J.P., CARNI, LINDLEY, WINSLOW, AND BANNISTER, JJ.


949 CA 20-01388

[*1]IN THE MATTER OF APPLICATION OF ANTOINETTE C. AND ROBERT C., AS PARENTS AND NATURAL GUARDIANS OF ROBERT C., JR., CLAIMANTS-RESPONDENTS,
v
COUNTY OF ERIE, RESPONDENT-APPELLANT, ET AL., RESPONDENTS. 






MICHAEL A. SIRAGUSA, COUNTY ATTORNEY, BUFFALO (THOMAS J. NAVARRO, JR., OF COUNSEL), FOR RESPONDENT-APPELLANT.
BROWN CHIARI LLP, BUFFALO (JESSE A. DRUMM OF COUNSEL), FOR CLAIMANTS-RESPONDENTS. 


 Appeal from an order of the Supreme Court, Erie County (E. Jeannette Ogden, J.), entered October 6, 2020. The order, insofar as appealed from, granted that part of the application of claimants for leave to serve a late notice of claim against respondent County of Erie. 
It is hereby ORDERED that the order insofar as appealed from is unanimously reversed on the law without costs and the application is denied in its entirety.
Memorandum: In mid-November 2018, claimants' son, who was then eight years old, was a passenger in a vehicle operated by a family member when the driver lost control on a road maintained by respondent County of Erie (County) and crashed into a tree. The son sustained physical and psychological injuries as a result of the accident. In early September 2020, claimants sought leave, pursuant to General Municipal Law § 50-e (5), to serve a late notice of claim alleging, inter alia, that the accident and the son's injuries were caused by the County's negligence in failing to properly maintain and treat the road, which resulted in a dangerous accumulation of snow and ice. The County appeals from that part of an order that granted claimants' application for leave to serve a late notice of claim on the County. We agree with the County that Supreme Court abused its discretion in granting that part of the application (see generally Dalton v Akron Cent. Schools, 107 AD3d 1517, 1518 [4th Dept 2013], affd 22 NY3d 1000 [2013]). We therefore reverse the order insofar as appealed from and deny the application in its entirety.
"Pursuant to General Municipal Law § 50-e (1) (a), a party seeking to sue a public corporation . . . must serve a notice of claim on the prospective [respondent] 'within ninety days after the claim arises' " (Matter of Newcomb v Middle Country Cent. Sch. Dist., 28 NY3d 455, 460 [2016], rearg denied 29 NY3d 963 [2017]). "General Municipal Law § 50-e (5) permits a court, in its discretion, to [grant leave] extend[ing] the time for a [claimant] to serve a notice of claim" (id. at 460-461; see Matter of Dusch v Erie County Med. Ctr., 184 AD3d 1168, 1169 [4th Dept 2020]). "The decision whether to grant such leave 'compels consideration of all relevant facts and circumstances,' including the 'nonexhaustive list of factors' in section 50-e (5)" (Dalton, 107 AD3d at 1518, quoting Williams v Nassau County Med. Ctr., 6 NY3d 531, 539 [2006]). " 'It is well settled that key factors for the court to consider in determining an application for leave to serve a late notice of claim are whether the claimant has demonstrated a reasonable excuse for the delay, whether the [public corporation] acquired actual knowledge of the essential facts constituting the claim within 90 days of its accrual or within a reasonable time thereafter, and whether the delay would substantially prejudice the [public corporation] in maintaining a defense on the merits' " (Matter of Turlington v Brockport Cent. Sch. Dist., 143 AD3d 1247, 1248 [4th Dept 2016]). " '[T]he presence or absence of any one of the numerous [*2]relevant factors the court must consider is not determinative' . . . , and '[t]he court is vested with broad discretion to grant or deny the application' " (Dalton, 107 AD3d at 1518). "Absent a clear abuse of the court's broad discretion, the determination of an application for leave to serve a late notice of claim will not be disturbed" (id. [internal quotation marks omitted]).
Initially, we agree with the County that, contrary to claimants' assertion, " '[i]t is well settled that an extension of the statutory period within which to serve a notice of claim will not automatically be granted merely because the claimant is an infant' " (Matter of Mahan v Board of Educ. of Syracuse City School Dist., 269 AD2d 834, 834 [4th Dept 2000]; see generally Harris v City of New York, 297 AD2d 473, 475 [1st Dept 2002], lv denied 99 NY2d 503 [2002]; Matter of Meredithe C. v Carmel Cent. School Dist., 192 AD2d 952, 953 [3d Dept 1993]). Rather, in determining whether to grant an extension, the court must consider the claimant's infancy as a factor (see General Municipal Law § 50-e [5]; Williams, 6 NY3d at 537-538; Mahan, 269 AD2d at 834). In that regard, although the absence of a causal nexus between a claimant's infancy and the delay in serving a notice of claim is not fatal to an application for an extension, "[a] delay of service caused by infancy would make a more compelling argument to justify an extension," whereas "the lack of a causative nexus may make the delay less excusable" (Williams, 6 NY3d at 538).
Here, claimants did not demonstrate any nexus between the son's infancy and the delay in service of a notice of claim (see id. at 537-538; Matter of Ficek v Akron Cent. Sch. Dist., 144 AD3d 1601, 1602 [4th Dept 2016]; Rose v Rochester Hous. Auth., 52 AD3d 1268, 1269 [4th Dept 2008]). The record demonstrates that, despite the son's infancy, claimants were immediately aware of the accident and were aware of the son's injuries, both physical and psychological, within 90 days after the accident and certainly well before they sought leave to serve a late notice of claim. There is no evidence in the record that the lengthy delay in serving a notice of claim was attributable to any difficulty in discovering or diagnosing the son's injuries due to his infancy (see Matter of Mary Beth B. v West Genesee Cent. Sch. Dist., 186 AD3d 979, 979-980 [4th Dept 2020]; Matter of Lamprecht v Eastport-South Manor Cent. Sch. Dist., 129 AD3d 1084, 1085 [2d Dept 2015]; Matter of Scala v Westchester County Med. Ctr., 233 AD2d 514, 514 [2d Dept 1996]).
We further agree with the County that, as the court properly determined, claimants' other offered justifications for the delay do not constitute reasonable excuses. First, "where, as here, a parent alleges that he or she was consumed with the infant's medical care and unable to serve a timely notice of claim, it does not constitute a reasonable excuse unless it is supported by evidence demonstrating that the delay was directly attributable to the infant's medical condition" (Matter of Ramos v Board of Educ. of the City of N.Y., 148 AD3d 909, 911 [2d Dept 2017]; see Matter of Nieves v New York Health & Hosps. Corp., 34 AD3d 336, 337 [1st Dept 2006]; Matter of Drozdzal v Rensselaer City School Dist., 277 AD2d 645, 646 [3d Dept 2000]; see generally Matter of Kliment v City of Syracuse, 294 AD2d 944, 945 [4th Dept 2002]). In this case, claimants' submissions, including the son's medical records, failed to substantiate their assertion that the son required such extraordinary care that they were unable to serve a timely notice of claim (see Ramos, 148 AD3d at 912; Nieves, 34 AD3d at 337; Drozdzal, 277 AD2d at 646; cf. Matter of Quick v New York City Health & Hosps. Corp., 106 AD3d 493, 494 [1st Dept 2013]). Second, it is well settled that ignorance of the notice of claim requirement does not provide a sufficient excuse for the failure to serve a timely notice of claim, and we thus conclude that claimants' further assertion that they were "unaware of the notice of claim requirement . . . did not establish a reasonable excuse for their delay" (Brown v City of Buffalo, 100 AD3d 1439, 1440 [4th Dept 2012]; see Matter of Borrelli v County of Erie, 196 AD3d 1059, 1060 [4th Dept 2021]; Ficek, 144 AD3d at 1602).
We also agree with the County that claimants failed to demonstrate that the County acquired actual knowledge of the essential facts constituting the claim within the 90-day period following the accident or within a reasonable time thereafter. We note that "[i]t is well settled that actual knowledge of the claim is the factor that is accorded 'great weight' in determining whether to grant leave to serve a late notice of claim" (Ficek, 144 AD3d at 1603; see Turlington, 143 AD3d at 1248). Moreover, " '[k]nowledge of the injuries or damages claimed . . . , rather than mere notice of the underlying occurrence, is necessary to establish actual knowledge of the essential facts of the claim within the meaning of General Municipal Law § 50-e (5)' . . . , and the claimant has the burden of demonstrating that the respondent had actual timely knowledge" [*3](Turlington, 143 AD3d at 1248).
Here, claimants repeatedly conceded before the court that the County did not receive timely actual knowledge. By conceding that factor, claimants waived any contention that the County acquired timely actual knowledge (see generally Matter of Kenneth L. [Michelle B.], 92 AD3d 1245, 1246 [4th Dept 2012]; Matter of Allstate Ins. Co. v Ramirez, 208 AD2d 828, 830 [2d Dept 1994]), and thus their assertion on appeal that a deputy sheriff's accident report provided the County with actual knowledge is not properly before us (see generally Leonard v Motor Veh. Acc. Indem. Corp., 175 AD3d 1795, 1796 [4th Dept 2019]; Matter of Polanco v New York City Hous. Auth., 39 AD3d 320, 321 [1st Dept 2007]; Santiago v City of New York, 294 AD2d 483, 484 [2d Dept 2002]).
In any event, we agree with the County that the accident report did not provide it with the requisite actual knowledge. Preliminarily, the fact that the County Sheriff's Office " 'had knowledge of this incident, without more,' " does not constitute actual knowledge of the claim against the County (Brown, 100 AD3d at 1441; see generally Caselli v City of New York, 105 AD2d 251, 255-256 [2d Dept 1984]; Williams v Town of Irondequoit, 59 AD2d 1049, 1050 [4th Dept 1977]). Moreover, even if the deputy sheriff's knowledge was imputed to the County itself, " 'for a [police] report to provide actual knowledge of the essential facts, one must be able to readily infer from that report that a potentially actionable wrong had been committed by the public corporation' " (Brown, 100 AD3d at 1440; see Caselli, 105 AD2d at 257-258), and here the accident report "made no connection between the accident and any alleged negligence on the part of [the County]" (Kliment, 294 AD2d at 945; see Brown, 100 AD3d at 1440-1441; Matter of Taylor v County of Suffolk, 90 AD3d 769, 770 [2d Dept 2011]; cf. Innes v County of Genesee, 99 AD2d 642, 643 [4th Dept 1984], affd 62 NY2d 779 [1984]).
Contrary to the County's further contention, however, we conclude that claimants met their initial burden of making a showing, albeit not an extensive one, that late notice will not substantially prejudice the County (see generally Newcomb, 28 NY3d at 466). In particular, claimants "presented a plausible argument that the late notice will not substantially prejudice the [County] because the alleged [snowy and] icy condition was highly transitory such that the [County] would have been in the same position regarding any investigation even if the notice of claim had been timely served" (Matter of Shumway v Town of Hempstead, 187 AD3d 758, 759 [2d Dept 2020] [emphasis added]; cf. Matter of Miskin v City of New York, 175 AD3d 684, 685-686 [2d Dept 2019]; Matter of Smiley v Metropolitan Transp. Auth., 168 AD3d 631, 631 [1st Dept 2019]; Matter of Moroz v City of New York, 165 AD3d 799, 800 [2d Dept 2018]). We further conclude that the County failed to "respond with a particularized evidentiary showing that [it would] be substantially prejudiced if the late notice [was] allowed" (Newcomb, 28 NY3d at 467). Indeed, "[t]he speculative assertions of [the County's] counsel, unsupported by any record evidence, failed to satisfy [the County's] burden to establish that late notice [would] substantially prejudice[] its ability to defend against [claimants'] claim" (Sherb v Monticello Cent. Sch. Dist., 163 AD3d 1130, 1134 [3d Dept 2018]; see Newcomb, 28 NY3d at 465-468; Matter of Kranick v Niskayuna Cent. Sch. Dist., 151 AD3d 1262, 1263-1264 [3d Dept 2017]).
Based on the foregoing, of all the relevant circumstances evaluated—infancy, reasonable excuse, actual knowledge, and substantial prejudice—only one, lack of substantial prejudice, favored granting claimants' application. Despite the well-settled principle that "actual knowledge of the claim is the factor that is accorded 'great weight' in determining whether to grant leave to serve a late notice of claim" (Ficek, 144 AD3d at 1603), the court here failed to give the appropriate weight to that factor (see Zarrello v City of New York, 93 AD2d 886, 886 [2d Dept 1983], affd 61 NY2d 628 [1983]) and instead "weigh[ed] heavily" the lack of substantial prejudice, even though claimants' showing in that regard, while adequate, was not particularly strong. Under these circumstances—which include the nearly 22-month period between the accident and claimants' application for leave to serve a late notice of claim, the improper weighing of the substantial prejudice factor at the expense of the actual knowledge factor, and claimants' failure to demonstrate a nexus between the son's infancy and the delay or to otherwise proffer a reasonable excuse for the delay—we conclude that the court abused its discretion in granting that part of the application seeking leave to serve a late notice of claim on the County (see generally Matter of Nunez v Village of Rockville Ctr., 176 AD3d 1211, 1214-1216 [2d Dept 2019]).
Entered: February 4, 2022
Ann Dillon Flynn
Clerk of the Court