Mann v Erie County Med. Ctr. Corp. (2025 NY Slip Op 02434)

Mann v Erie County Med. Ctr. Corp.

2025 NY Slip Op 02434

Decided on April 25, 2025

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 25, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., BANNISTER, GREENWOOD, NOWAK, AND KEANE, JJ.

20 CA 24-00255

[*1]MARY C. MANN, CLAIMANT-RESPONDENT,
v
ERIE COUNTY MEDICAL CENTER CORPORATION, ERIE COUNTY MEDICAL CENTER, RESPONDENTS-APPELLANTS, ET AL., RESPONDENT. 

ROACH, BROWN, MCCARTHY & GRUBER, P.C., BUFFALO (KAYLA A. HUGHES OF COUNSEL), FOR RESPONDENTS-APPELLANTS.
LOTEMPIO P.C. LAW GROUP, BUFFALO (CLAUDIA M. RODR OF COUNSEL), FOR CLAIMANT-RESPONDENT. 

 Appeal from an order of the Supreme Court, Erie County (Dennis E. Ward, J.), entered September 13, 2023. The order granted the application of claimant for leave to serve a late notice of claim. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Contrary to the contention of respondents-appellants (respondents), Supreme Court did not abuse its discretion in granting claimant's application for leave to serve a late notice of claim pursuant to General Municipal Law § 50—e (5). Although claimant failed to demonstrate a reasonable excuse for failing to serve a timely notice of claim (see Matter of Hampson v Connetquot Cent. Sch. Dist., 114 AD3d 790, 791 [2d Dept 2014]; Brown v City of Buffalo, 100 AD3d 1439, 1440 [4th Dept 2012]), that failure " 'is not fatal where . . . actual notice was had and there is no compelling showing of prejudice to [respondents]' " (Matter of Mary Beth B. v West Genesee Cent. Sch. Dist., 186 AD3d 979, 980 [4th Dept 2020]; see Shaul v Hamburg Cent. Sch. Dist., 128 AD3d 1389, 1389 [4th Dept 2015]). Here, claimant "made a persuasive showing that [respondents] acquired [timely] actual knowledge of the essential facts constituting the claim" (Shaul, 128 AD3d at 1389 [internal quotation marks omitted]; see Matter of Hall v Madison-Oneida County Bd. of Coop. Educ. Servs., 66 AD3d 1434, 1435 [4th Dept 2009]). Claimant also "met her initial burden by presenting 'some evidence or plausible argument that supports a finding of no substantial prejudice' " (Arnold v Town of Camillus, 222 AD3d 1372, 1379 [4th Dept 2023], quoting Matter of Newcomb v Middle Country Cent. Sch. Dist., 28 NY3d 455, 466 [2016], rearg denied 29 NY3d 963 [2017]), and respondents failed to " 'respond with a particularized evidentiary showing that [they would] be substantially prejudiced if the late notice [was] allowed' " (Matter of Antoinette C. v County of Erie, 202 AD3d 1464, 1468 [4th Dept 2022], quoting Newcomb, 28 NY3d at 467; see Brege v Town of Tonawanda, 148 AD3d 1792, 1793 [4th Dept 2017]).
Finally, we have reviewed respondents' remaining contention and conclude that it lacks merit.
Entered: April 25, 2025
Ann Dillon Flynn
Clerk of the Court