# State of New York
## Supreme Court, Appellate Division
### Third Judicial Department

Decided and Entered:  December 17, 2015                    520667
_____

DEBRA A. DAILY, as
   Administrator of the
   Estate of JOEL STATES,
   Also Known as JOEL ERIC
   STATES, Deceased,
                        Appellant,          MEMORANDUM AND ORDER

        v

TOPS MARKETS, LLC,
                        Respondent,
                        et al.,
                        Defendants.
_____

Calendar Date:  October 13, 2015

Before:  Lahtinen, J.P., Garry, Egan Jr. and Clark, JJ.

                        _____


        Schlather, Stumbar, Parks & Salk, LLP, Ithaca (Raymond
Schlather of counsel), for appellant.

        Kenney Shelton Liptak Nowak, LLP, Buffalo (Melissa A. Foti
of counsel), for respondent.

                        _____


Lahtinen, J.P.

        Appeal from an order of the Supreme Court (O'Shea, J.),
entered April 14, 2014 in Chemung County, which granted a motion
by defendant Tops Markets, LLC to dismiss the complaint against
it.

        Joel States (hereinafter decedent) was consuming alcohol
and drugs with several companions when he passed out and appeared
to have trouble breathing at about 1:00 a.m. on January 20, 2013.

His companions placed the then unconscious decedent in his own car and drove the car to the parking lot of defendant Tops Markets, LLC.  They reportedly told Tops' employees at about 1:30 a.m. that there was someone in the parking lot who was unconscious and in need of emergency medical care, but they made no effort themselves to contact police or emergency medical personnel.  Instead, the companions left on foot, the Tops' employees took no action and decedent died during the night allegedly of the combined effects of intoxication and hypothermia.  Plaintiff, the administrator of decedent's estate, commenced this action against decedent's companions and Tops, asserting as to Tops that its employees negligently failed to summon emergency assistance for decedent.  Tops moved to dismiss the complaint against it for failure to state a cause of action (see CPLR 3211 [a] [7]).  Supreme Court granted the motion and plaintiff appeals.

"In any negligence action, the threshold issue before the court is whether the defendant owed a legally recognized duty to the plaintiff" (Gilson v Metropolitan Opera, 5 NY3d 574, 576 [2005]).  This is frequently a "difficult task [and,] [d]espite often sympathetic facts in a particular case before them, courts must be mindful of the precedential, and consequential, future effects of their rulings, and limit the legal consequences of wrongs to a controllable degree" (Lauer v City of New York, 95 NY2d 95, 100 [2000] [internal quotation marks and citations omitted]; see Darby v Compagnie Natl. Air France, 96 NY2d 343, 347 [2001]; Hamilton v Beretta U.S.A. Corp., 96 NY2d 222, 232 [2001]).  Consonant with the premise that a moral duty does not equate with a legal duty (see e.g. Pulka v Edelman, 40 NY2d 781, 786 [1976]), it is the general rule that "one does not owe a duty to come to the aid of a person in peril" (Kranenberg v TKRS Pub, Inc., 99 AD3d 767, 768 [2012] [internal quotation marks and citation omitted]; see Seeger v Marketplace, 101 AD3d 1691, 1691 [2012]; McDaniel v Keck, 53 AD3d 869, 872 [2008], lv denied 11 NY3d 709 [2008]).  Exceptions to the general rule exist, such as, for example, a common carrier's duty to take reasonable action to protect a passenger who is being assaulted (see Crosland v New York City Tr. Auth., 68 NY2d 165, 169-170 [1986]; see generally Restatement [Second] of Torts § 314A [setting forth a non-exhaustive list of special relations giving rise to a duty to

aid]).

Here, although Tops was open to shoppers, this did not necessarily create an affirmative duty to come to the aid of anyone who was anywhere on its property no matter how unrelated such person's presence was to Tops' function as a grocery store. Decedent was not a customer of Tops, neither he nor his companions were on the premises for any activity related in any manner to Tops' business, Tops' employees did not participate in any fashion in the conduct of decedent's companions, it is not alleged that Tops' employees saw or had any contact with decedent on the premises, and Tops' employees did not take any actions that put decedent in a worse position than the one in which his companions left him. Under such circumstances, we agree with Supreme Court that, notwithstanding a moral obligation, Tops was not under an affirmative legal duty to assist decedent. The remaining arguments are unavailing.

Garry, Egan Jr. and Clark, JJ., concur.

ORDERED that the order is affirmed, with costs.

ENTER:

Robert D. Mayberger
Clerk of the Court