## State of New York
## Supreme Court, Appellate Division
## Third Judicial Department

Decided and Entered:  February 25, 2016                    521533
_____

NICHOLAS MAYORGA,

                         Appellant,

        v
                                                MEMORANDUM AND ORDER

BERKSHIRE FARM CENTER AND
    SERVICES FOR YOUTH,
                         Respondent,
                         et al.,
                         Defendants.
_____

Calendar Date:  January 14, 2016

Before:  McCarthy, J.P., Garry, Lynch, Devine and Clark, JJ.

                        _____


        Tabner, Ryan & Keniry, LLP, Albany (Brian M. Quinn of
counsel), for appellant.

        Burke, Scolamiero, Mortati & Hurd, LLP, Albany (Erin K.
Hayner of counsel), for respondent.


                        _____


Garry, J.

        Appeal from an order of the Supreme Court (Mott, J.),
entered December 11, 2014 in Columbia County, which granted a
motion by defendant Berkshire Farm Center and Services for Youth
for summary judgment dismissing the complaint against it.

        In this action, plaintiff seeks damages for injuries he
sustained in a June 2012 collision with a vehicle operated by a
former resident (hereinafter the resident) of defendant Berkshire
Farm Center and Services for Youth (hereinafter defendant).
Earlier that year in the course of juvenile delinquency
proceedings, Family Court had ordered the resident to be placed

in the care and custody of the Columbia County Department of Social Services (hereinafter DSS). In February 2012, DSS initially placed the resident in defendant's nonsecure detention facility in the Town of Canaan, Columbia County. After about two months, he left without permission and was subsequently discharged. In late May, DSS again referred the resident to defendant, this time to defendant's residential treatment center, located on the same campus as the nonsecure detention facility. Within 24 hours, the resident again left without permission; defendant discharged him a week later. On June 28, 2012, the resident engaged in a high-speed chase with police while driving a stolen car and collided with plaintiff's vehicle. Plaintiff commenced this negligence action against defendant, the resident and others, and, following joinder of issue, defendant moved for summary judgment dismissing the complaint against it. Supreme Court granted the motion, and plaintiff appeals.

"'In any negligence action, the threshold issue before the court is whether the defendant owed a legally recognized duty to the plaintiff'" (Daily v Tops Mkts., LLC, 134 AD3d 1332, 1333 [2015], quoting Gilson v Metropolitan Opera, 5 NY3d 574, 576 [2005]). "The injured party must show that a defendant owed not merely a general duty to society but a specific duty to him or her, for without a duty running directly to the injured person there can be no liability in damages, however careless the conduct or foreseeable the harm" (Hamilton v Beretta U.S.A. Corp., 96 NY2d 222, 232 [2001] [internal quotation marks and citation omitted]; see Kunz v New Netherlands Routes, Inc., 64 AD3d 956, 957 [2009]). We agree with Supreme Court that defendant established as a matter of law that it owed no duty to plaintiff to prevent the resident from leaving its facility, and, thus, had no liability to plaintiff.

Defendant established without dispute that the residential treatment center where the resident was placed was a nonsecure detention facility within the meaning of Family Ct Act article 3 (see Family Ct Act § 301.2 [5]). The term "detention," as used in the context of juvenile delinquency, is not equivalent to confinement or restraint, but instead means "the temporary care and maintenance of children away from their own homes" (Family Ct Act § 301.2 [3]; see Matter of Dylan C., 16 NY3d 614, 616

[2011]).  Family Ct Act article 3 provides for both secure and nonsecure facilities for the detention of juveniles.  "[B]oth are designed to detain but not imprison, and to rehabilitate rather than punish, and neither has as a principal end the protection of the public — that objective being present in both cases but necessarily subordinate to the creation of a salutary therapeutic milieu for troubled but presumably not particularly dangerous persons" (Matter of Dylan C., 16 NY3d at 618).  However, a secure detention facility is "characterized by physically restricting construction, hardware and procedures" (Family Ct Act § 301.2 [4]), while a nonsecure detention facility is "characterized by the absence of physically restricting construction, hardware and procedures" (Family Ct Act § 301.2 [5] [emphasis added]).  Nonsecure facilities, like the one at issue here, "are designed to provide structured residential care for alleged and adjudicated juvenile delinquents in a supportive, family-like environment" (Matter of Dylan C., 69 AD3d 127, 131 [2009], affd 16 NY3d 614 [2011]).  A child who is placed in a nonsecure facility "is not locked up, but rather placed temporarily in an open setting" (Merril Sobie, Practice Commentaries, McKinney's Cons Laws of NY, Book 29A, Family Ct Act § 320.5 at 25).

Defendant's nonsecure residential treatment center is located on an open campus without gates or bars, and residents are not locked in.  Here, the resident was attending an educational program when he chose to leave.  One of defendant's staff members followed him and tried unsuccessfully to persuade him to return.  The staff member did not attempt to physically prevent the resident from leaving, pursuant to defendant's policy that — under the statutory mandate against physical restrictions — permits such intervention only when a resident's behavior is dangerous to the resident or others.  After the resident departed, defendant notified DSS and the police and discharged him when directed to do so by DSS a week later.  Plaintiff's argument that defendant should have imposed greater supervision or restraints to prevent the resident from leaving disregards the distinction between secure and nonsecure detention facilities and, more fundamentally, disregards the fact that defendant did not make the placement decision.  Instead, the record establishes that Family Court and/or DSS determined the appropriate level of security; the court placed the resident in the legal care and

custody of DSS, and that agency chose to place him in a nonsecure facility.  Defendant did not participate in the court proceedings and, once the resident had been placed in its facility, had no duty to impose a higher level of restraint upon the resident than that requested by DSS and mandated by the statute.  Plaintiff's contention that defendant was obligated to impose a higher level of supervision upon the resident because, having left defendant's program without permission once before, it was foreseeable that he might do so again overlooks the basic principle that "[f]oreseeability, alone, does not define duty — it merely determines the scope of the duty once it is determined to exist" (Hamilton v Beretta U.S.A. Corp., 96 NY2d at 232).

Plaintiff's claim that defendant breached a duty to adequately supervise the resident arising from the fact that it had accepted his physical care and custody is likewise without merit.  The duty owed by a school to prevent foreseeable injuries caused by negligent supervision of its students arises "from the simple fact that a school, in assuming physical custody and control over its students, effectively takes the place of parents and guardians" (Mirand v City of New York, 84 NY2d 44, 49 [1994]).  Because this duty arises from the school's physical custody of its students, it ceases when a student leaves the premises and the student's parent or legal custodian is free to resume control (see Pratt v Robinson, 39 NY2d 554, 560 [1976]).  Here, assuming without deciding that defendant's residential treatment center can be analogized to a school for this purpose, the collision that injured plaintiff occurred almost a month after the resident left defendant's physical premises, and three weeks after defendant discharged him from its care, upon the direction of the resident's legal custodian.  Any duty that may have existed while the resident was in its physical custody had long since terminated (see id. at 560-561).

Defendant thus established that it owed plaintiff no legal duty, and plaintiff's submissions raised no triable issues of fact.  As such, Supreme Court properly granted summary judgment dismissing the complaint against defendant.

McCarthy, J.P., Lynch, Devine and Clark, JJ., concur.

ORDERED that the order is affirmed, without costs.

ENTER:

Robert D. Mayberger
Clerk of the Court