Fernandez v MercyFirst (2022 NY Slip Op 03071)





Fernandez v MercyFirst


2022 NY Slip Op 03071


Decided on May 10, 2022


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: May 10, 2022

Before: Webber, J.P., Singh, Moulton, Kennedy, Rodriguez, JJ. 


Index No. 20992/16E Appeal No. 15905 Case No. 2022-00448 

[*1]Jessica M. Fernandez, Plaintiff-Respondent,
v
MercyFirst, Defendant-Appellant, Girls Educational and Mentoring Services, Inc., Defendant.


Rurherford & Christie, LLP, New York (Gianna C. Signorille of counsel), for appellant.
Joseph T. Mullen, Jr. & Associates, New York (Neil A. Zirlin of counsel), for respondent.



Order, Supreme Court, Bronx County (Kim Adair Wilson, J.), entered August 11, 2021, which denied defendant MercyFirst's motion for summary judgment dismissing, as against it, plaintiff's claim of negligent supervision of a minor, unanimously affirmed, without costs.
Plaintiff was a minor who had run away from home at the age of 11. She went on to be sexually abused, exploited, and trafficked. When plaintiff's family located her, at age 15, plaintiff's mother agreed to her placement with defendant MercyFirst. MercyFirst is a nonsecure residential facility for hard-to-place youths, which uses observation and verbal intervention to prevent residents from leaving without permission. There is evidence that MercyFirst knew, from the onset of plaintiff's placement, that plaintiff had a history of absconding and was at risk of returning to her abuser. There is also evidence in the record that, on several occasions in early November 2015, plaintiff informed MercyFirst staff that she was tempted to revert to her former abuser and even that she had recently engaged in sex work for the same person who used to exploit her.
Plaintiff also attended counseling and support sessions with defendant Girls Educational and Mentoring Services (GEMS). The record indicates that for much of November 2015, MercyFirst did not permit plaintiff to attend GEMS, fearing that she might abscond. However, plaintiff claimed to have decided against going back to her abuser and that she would seek assistance if she felt the temptation to do so. On November 18, 2015, a MercyFirst employee transported plaintiff to an appointment with GEMS. According to the employee, after dropping the plaintiff off, she attempted to find a parking space for 15-20 minutes, finally locating one across the street from the entrance. Although there is conflicting evidence as to whether she was permitted to do so, the employee acknowledged that she did not attempt to wait for plaintiff inside the GEMS building. The employee also acknowledged that she did not see plaintiff leave and thus could not attempt to prevent plaintiff from absconding. Plaintiff absconded from the building and subsequently met with her abuser, who subsequently inflicted significant harm on plaintiff. The MercyFirst employee acknowledged that she did not see plaintiff leave and thus could not attempt to prevent plaintiff from absconding.
Supreme Court properly found triable issues of fact as to defendant's breach of duty to supervise. Residential facilities for children have a duty to exercise the level of care that "'a parent of ordinary prudence would observe in comparable circumstances'" (Jamal P. v City of New York, 24 AD3d 301, 304 [1st Dept 2005], quoting Mirand v City of New York, 84 NY2d 44, 49 [1994]; see also O'Neal v Archdioceses of N.Y., 286 AD2d 757, 757 [2d Dept 2001] [applying the Mirand standard to a nonsecure facility]). Mayorga v Berkshire Farm Ctr. & Servs. for Youth (136 AD3d 1262 [3d Dept 2016]) is not to the contrary[*2]. In Mayorga, any duty to supervise the resident had already terminated, because the resident had permanently left the defendant's premises and been discharged from its program (id. at 1264-1265). By contrast, plaintiff was still a resident at MercyFirst and within its custody. Unlike Mayorga, in which the defendant's staff unsuccessfully remonstrated with the resident (id. at 1264), here MercyFirst's employee was not in a position to intervene by attempting to persuade plaintiff to remain.
We likewise agree with Supreme Court that there are triable issues of fact as to whether any negligence by MercyFirst was a proximate cause of plaintiff's injuries. Proximate cause is "a question of fact for the jury where varying inferences are possible" (Mirand, 84 NY2d at 51; see e.g. De'L. A. v City of New York, 158 AD3d 30, 32 [1st Dept 2017] [affirming denial of summary judgment because proximate cause is a question of fact]). MercyFirst argues that the actions of GEMS, of the abuser, and of plaintiff herself preclude liability for plaintiff's injuries. It was precisely these actions, however, against which MercyFirst had a duty to guard plaintiff. Again, there is evidence that MercyFirst knew plaintiff had the desire to return to sex work and was likely to suffer injury if she did. By taking plaintiff to GEMS, it gave her the opportunity to abscond. Therefore, a jury could find that the resulting harm to plaintiff was "a 'reasonably foreseeable'
consequence of circumstances created by the defendant" (Bell v Board of Educ. of City of N.Y., 90 NY2d 944, 946 [1997], quoting Kush v City of Buffalo, 59 NY2d 26, 33 [1983]).THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 10, 2022