Mitchell v Just Lorraine's Place, LLC (2023 NY Slip Op 01480)

Mitchell v Just Lorraine's Place, LLC

2023 NY Slip Op 01480

Decided on March 21, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: March 21, 2023

Before: Kapnick, J.P., Kern, Gesmer, Moulton, Higgitt, JJ. 

Index No. 156781/17 Appeal No. 17540 Case No. 2021-04800 

[*1]Carolyn Mitchell, Plaintiff-Appellant,
v
Just Lorraine's Place, LLC, Defendant-Respondent.

Law Offices of Marius C. Wesser, P.C., Brooklyn (Marius C. Wesser of counsel), for appellant.

Order, Supreme Court, New York County (Erika M. Edwards, J.), entered on or about June 3, 2021, which, to the extent appealed from, granted defendant's motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.
Defendant was correctly granted summary judgment dismissing the complaint because it owed no duty of care to plaintiff during her assault by three other bar patrons on the public sidewalk in front of its bar (see Murphy v Chaos, 26 AD3d 231 [1st Dept 2006]; Del Bourgo v 138 Sidelines Corp., 208 AD2d 795, 796 [2d Dept 1994], lv dismissed 85 NY2d 924 [1995]). Even if defendant was under a duty of care, the assault was unforeseeable, as the earlier verbal altercation between plaintiff and one of the assailants inside the bar had dissipated, and the parties, who had left the establishment thereafter, independently returned shortly before the sudden attack (see Waldon v Little Flower Children's Serv., 1 NY3d 612, 614 [2004]).
Contrary to plaintiff's contention, the record did not raise an issue of fact as to whether defendant may be held liable under the doctrine of respondeat superior for the alleged locking of the bar's front door by one of its employees during the assault. Defendant had no duty to assist plaintiff, and the employee's act did not amount to tortious conduct, especially since it was not the direct cause of plaintiff's injuries (see generally Riviello v Waldron, 47 NY2d 297, 302 [1979]; see also Daily v Tops Mkts., LLC, 134 AD3d 1332, 1333 [3d Dept 2015], lv denied 27 NY3d 909 [2016]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 21, 2023