Quinn v Wallkill Sch. Dist. (2023 NY Slip Op 01935)

Quinn v Wallkill Sch. Dist.

2023 NY Slip Op 01935

Decided on April 13, 2023

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:April 13, 2023

535420
[*1]Adam J. Quinn, Appellant,
v
Wallkill School District, Respondent.

Calendar Date:February 15, 2023

Before:Garry, P.J., Lynch, Clark, Reynolds Fitzgerald and McShan, JJ.

Rubino Law Firm, Yonkers (Jennielena Rubino of counsel), for appellant.
Drake Loeb, PLLC, New Windsor (Nicholas A. Pascale of counsel), for respondent.

Reynolds Fitzgerald, J.
Appeal from an order of the Supreme Court (Christopher E. Cahill, J.), entered October 21, 2021 in Ulster County, which, among other things, granted defendant's motion to dismiss the complaint.
Plaintiff was a student in defendant's school district from 2009 until March 2016.[FN1] Plaintiff alleges that throughout that period, he was the victim of sustained and serious bullying by other district students, to such an extent that he permanently withdrew from defendant in March 2016 and enrolled in the New York Military Academy (hereinafter NYMA). Plaintiff graduated from NYMA in June 2018, approximately two months after his 18th birthday. In July 2018, plaintiff served defendant with a notice of claim alleging that defendant negligently supervised its students, failed to protect plaintiff from bullying by other students and failed to keep plaintiff separated from the bullying students. Plaintiff commenced this action against defendant on March 8, 2019, alleging one cause of action, negligent supervision. Following joinder of issue, defendant moved to dismiss the complaint for failure to timely file a notice of claim or to seek leave to file a late notice of claim. Plaintiff opposed the motion and cross-moved to amend the complaint. Supreme Court granted defendant's motion finding that the notice of claim was untimely and denied plaintiff's cross-motion to amend the complaint, on the basis that the underlying complaint was a nullity. Plaintiff appeals.
A plaintiff seeking to commence an action against a school district must do so within one year and 90 days (see General Municipal Law§ 50-i [1]). As a condition precedent to bringing a suit, a plaintiff "is required to serve a notice of claim on the school district within 90 days of when the claim arises" (Motta v Eldred Cent. Sch. Dist., 172 AD3d 1575, 1576-1577 [3d Dept 2019] [internal quotation marks and citation omitted]; see Education Law § 3813 [2]; General Municipal Law § 50-e [1] [a]). Where the plaintiff is a minor, the statute of limitations is tolled until his or her 18th birthday (see Babcock v Walton Cent. Sch. Dist., 119 AD3d 1061, 1062 [3d Dept 2014]). However, this tolling does not apply to the 90-day notice of claim filing period (see Matter of Purdy v Afton Cent. School Dist., 202 AD2d 776, 777 [3d Dept 1994]). Rather, upon application, the court in its discretion may extend this period so long as said application is made within the one year and 90-day statute of limitations (see Sherb v Monticello Cent. Sch. Dist., 163 AD3d 1130, 1131 [3d Dept 2018]; Babcock v Walton Cent. Sch. Dist., 119 AD3d at 1062). "A late notice of claim served without leave of court is a nullity" (Chtchannikova v City of New York, 138 AD3d 908, 909 [2d Dept 2016] [citations omitted]; see Mosheyev v New York City Dept. of Educ., 144 AD3d 645, 646 [2d Dept 2016]; Cassidy v Riverhead Cent. Sch. Dist., 128 AD3d 996, 997 [2d Dept 2015]).
In this case, plaintiff never sought leave to file a late notice of claim. [*2]As such, the dispositive question before us is whether, as plaintiff contends, the July 2018 notice was timely. We find that it was not. While plaintiff alleges a continuing course of bullying throughout the school years 2009 through 2018, it is uncontested that he transferred out of defendant's school district in March 2016. "The duty owed by a school to prevent foreseeable injuries caused by negligent supervision of its students arises from the simple fact that a school, in assuming physical custody and control over its students, effectively takes the place of parents and guardians. Because this duty arises from the school's physical custody of its students, it ceases when a student leaves the premises" (Mayorga v Berkshire Farm Ctr. & Servs. for Youth, 136 AD3d 1262, 1264 [3d Dept 2016] [internal quotation marks and citations omitted]; see I.T.K. v Nassau Boces Educ. Found., Inc., 177 AD3d 962, 962 [2d Dept 2019]). Plaintiff was not a matriculated student and did not physically attend any school in defendant's school district from March 2016 until his graduation. "The concept of in loco parentis is the fountainhead of the duty of care owed by a school to its students" (Williams v Weatherstone, 23 NY3d 384, 403 [2014] [citation omitted]). "When that custody ceases because the child has passed out of the orbit of its authority . . . the school's custodial duty also ceases" (Pratt v Robinson, 39 NY2d 554, 560 [1976] [citations omitted]). Plaintiff argues that the school's continuing responsibility to provide him with an individualized education plan (hereinafter IEP) extends its duty to plaintiff through the date of his graduation. Contrary to plaintiff's contention, an IEP does not draw a student back into the school district's "orbit of authority, and . . . under its supervision" for purposes of negligent supervision (I.T.K. v Nassau Boces Educ. Found., Inc., 177 AD3d at 963 [internal quotation marks and citation omitted]), especially here, where the record demonstrates that any IEPs proposed by defendant were rejected by plaintiff and defendant had no supervision over plaintiff while he was in the day-to-day care and custody of NYMA (see Begley v City of New York, 111 AD3d 5, 27 [2d Dept 2013], lv denied 23 NY3d 903 [2014]; Ferraro v North Babylon Union Free School Dist., 69 AD3d 559, 560 [2d Dept 2010]). Nor do the instances described by plaintiff wherein he was harassed by his former classmates of defendant after he withdrew as a student [FN2] extend the school's duty. Under the concept of in loco parentis, as plaintiff was no longer in defendant's physical custody, any duty defendant had to plaintiff terminated the last day plaintiff was bullied as a student at defendant's school in March 2016 and the action began to accrue at said time (see I.T.K. v Nassau Boces Educ. Found., Inc., 177 AD3d at 963; Mayorga v Berkshire Farm Ctr. & Servs. for Youth, 136 AD3d at 1265; compare Motta v Eldred Cent. Sch. Dist., 172 AD3d at 1577). Accordingly, in order [*3]for any notice of claim to be timely it must have been filed within 90 days of March 2016.
As plaintiff was an infant at the time of the alleged bullying, he could have sought leave to serve a late notice of claim providing he did so within one year and 90 days of his 18th birthday (see Matter of Conger v Ogdensburg City School Dist., 87 AD3d 1253, 1254 [3d Dept 2011]); however, plaintiff never sought leave. A notice of claim served outside the 90-day statutory period is a nullity absent leave of court and has no legal effect (see Bennett v City of Buffalo Parks & Recreation, 192 AD3d 1684, 1685 [4th Dept 2021]; Townsend v City of New York, 173 AD3d 809, 810 [2d Dept, 2019] , lv denied 34 NY3d 913 [2020]; Simons v Sherburne-Earlville Cent. School Dist., 233 AD2d 592, 593 [3d Dept 1996]; Schiermeyer v Averill Park Cent. School Dist. No. 1, 42 AD2d 654, 655 [3d Dept 1973]). Accordingly, Supreme Court did not err in granting defendant's motion dismissing the complaint.
Nor did Supreme Court err when it denied plaintiff's cross-motion to amend the complaint. As the underlying summons and complaint were a nullity for failure to timely serve the notice of claim, there was no legal complaint which could be amended (see Thomas v City of New York, 154 AD3d 417, 418 [1st Dept 2017]; Matter of Cohen v Engoron, 72 AD3d 446, 447 [1st Dept 2010]).
Garry, P.J., Lynch, Clark and McShan, JJ., concur.
ORDERED that the order is affirmed, without costs.

Footnotes

Footnote 1: Plaintiff did, however, attend several private schools during this time period, including Bishop Dunn from 2010-2011 and a semester of 2011-2012 and Blythedale Children's Hospital during the summer of 2015.

Footnote 2: Plaintiff alleged instances that took place off school property and one instance that occurred on school property at a dance he attended as a date of a student. Thus, this case is distinguishable from Motta v Eldred Cent. Sch. Dist. (172 AD3d at 1577), wherein the student continued to return to the school on a daily basis for transportation services and, as such, their supervision of the student continued, albeit to a limited extent.