16 W. 8th LLC v Gluckman (2023 NY Slip Op 06327)

16 W. 8th LLC v Gluckman

2023 NY Slip Op 06327

Decided on December 12, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: December 12, 2023

Before: Kern, J.P., Singh, Kennedy, Rodriguez, JJ. 

Index No. 162163/14 Appeal No. 1201 Case No. 2022-03940 

[*1]16 West 8th LLC, Plaintiff-Appellant,
v
Thomas Gluckman et al., Defendants-Respondents.

Morrison Cohen LLP, New York (David J. Kanfer of counsel), for appellant.
Moritt Hock & Hamroff, LLP, New York (Alexander Litt of counsel), for Thomas Gluckman and Roby Gluckman, respondents
Guzov, LLC, New York (Anne W. Salisbury of counsel), for Matthew Modine, Caridad Modine and The Modine Family Trust, respondents.

Order, Supreme Court, New York County (Richard Latin, J.), entered September 1, 2022, which denied plaintiff's motion to amend the complaints to add a claim for gross negligence, unanimously affirmed, with costs.
Supreme Court providently exercised its discretion in denying plaintiff's motion for leave to amend the complaints to add a claim for gross negligence. Contrary to plaintiff's contention, even assuming that the amendment would not prejudice defendants, that alone is insufficient to mandate granting leave to amend, as leave will be denied if the proposed amendment is "palpably insufficient or patently devoid of merit" (MBIA Ins. Corp. v Greystone & Co., Inc., 74 AD3d 499, 500 [1st Dept 2010]).
Plaintiff's gross negligence claim is patently devoid of merit because it fails to plead a legal duty independent of the duties derived from plaintiff's contractual easement rights (see e.g. Clark-Fitzpatrick, Inc. v Long Is. R.R. Co., 70 NY2d 382, 389 [1987]). Plaintiff's claims stem from defendants' respective decisions to perform construction work in contravention of the terms of the contractual easements. As such, plaintiff fails to allege a violation of a legal duty independent of that created in the parties' easements (see Givoldi, Inc. v United Parcel Serv., 286 AD2d 220, 221 [1st Dept 2001]).
We have considered plaintiff's remaining contentions and find them unavailing. THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 12, 2023