Arnold v Town of Camillus (2023 NY Slip Op 06627)

Arnold v Town of Camillus

2023 NY Slip Op 06627

Decided on December 22, 2023

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 22, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., BANNISTER, GREENWOOD, AND NOWAK, JJ.

831 CA 22-01774

[*1]PATRICIA ARNOLD, PLAINTIFF-APPELLANT,
v
TOWN OF CAMILLUS, POLICE CHIEF THOMAS WINN, CAPTAIN JAMES NIGHTINGALE, TOWN SUPERVISOR MARY ANN COOGAN, DAVID CALLAHAN, JOY FLOOD, DICK GRIFFO, STEVEN JAMES, MIKE LAFLAIR, MARY LUBER, AND JOHN DOE(S) AND JANE DOE(S) IN THEIR INDIVIDUAL AND OFFICIAL CAPACITIES AS OFFICIALS, OFFICERS, AGENTS, EMPLOYEES, AND/OR REPRESENTATIVES OF TOWN OF CAMILLUS AND/OR THE CAMILLUS POLICE DEPARTMENT, DEFENDANTS-RESPONDENTS. 

BOSMAN LAW, L.L.C., BLOSSVALE (ROBERT J. STRUM OF COUNSEL), FOR PLAINTIFF-APPELLANT. 
BOND, SCHOENECK & KING, PLLC, SYRACUSE (KSENIYA PREMO OF COUNSEL), FOR DEFENDANTS-RESPONDENTS. 

 Appeal from an order of the Supreme Court, Onondaga County (Joseph E. Lamendola, J.), entered January 7, 2022. The order denied the application of plaintiff seeking, among other things, leave to serve a late notice of claim. 
It is hereby ORDERED that the order so appealed from is unanimously modified in the exercise of discretion by granting the application insofar as it sought leave to serve a late notice of claim with respect to the third and fourth causes of action, upon condition that the proposed notice of claim is served within 30 days of the date of entry of the order of this Court, and as modified the order is affirmed without costs.
Memorandum: Plaintiff, a police officer previously employed by defendant Town of Camillus (Town), commenced this action in October 2020 seeking to recover damages based on allegations that, inter alia, defendants violated the Human Rights Law (Executive Law § 290 et seq.) by discriminating against her on the basis of gender, subjecting her to a hostile work environment, constructively discharging her from employment, and retaliating against her after she complained about the alleged unlawful discriminatory practices. Plaintiff alleged, in pertinent part, that defendant Captain James Nightingale, who was her superior, subjected her to sexual harassment, including inappropriate and uninvited touching, and disparate treatment based on her gender, and that defendant Police Chief Thomas Winn responded with hostility and failed to adequately address Nightingale's behavior after plaintiff repeatedly brought the discriminatory conduct to Winn's attention, all of which precipitated her resignation from the Town's police department in August 2019. Plaintiff moved, simultaneously with the filing of the complaint, for a "declaration" that she was not required to serve a notice of claim for her Human Rights Law claims asserted in the third and fourth causes of action, as well as for leave to serve a late notice of claim regarding her state law tort claims and, if required, her Human Rights Law claims. Supreme Court denied the motion, and plaintiff now appeals.
Plaintiff contends that she was not required to file a notice of claim for her Human Rights Law claims because the logic of the Court of Appeals' decision in Margerum v City of Buffalo (24 NY3d 721 [2015]), which adhered to the interpretations of Departments of the Appellate Division that a claim under the Human Rights Law does not require a notice of claim pursuant to [*2]General Municipal Law §§ 50-e and 50-i, applies equally to relieve her of the notice of claim requirement under Town Law § 67. Even assuming, arguendo, that plaintiff is not collaterally estopped from litigating that issue by virtue of prior orders that were entered while the action was removed to federal court (see Arnold v Town of Camillus, 2021 WL 3021946, *1-3, 2021 US Dist LEXIS 132601, *1-6 [ND NY, July 16, 2021, No. 5:20-CV-1364 (MAD/ML)]; Arnold v Town of Camillus, 2021 WL 326886, *1-6, 2021 US Dist LEXIS 18327, *1-15 [ND NY, Feb. 1, 2021, No. 5:20-CV-1364 (MAD/ML)]), we conclude for the reasons that follow that the court properly determined that Town Law § 67 required that plaintiff serve a notice of claim for her Human Rights Law claims.
"General Municipal Law § 50-e (1) (a) requires service of a notice of claim within 90 days after the claim arises '[i]n any case founded upon tort where a notice of claim is required by law as a condition precedent to the commencement of an action or special proceeding against a public corporation' " (Margerum, 24 NY3d at 730). "General Municipal Law § 50-i (1) precludes commencement of an action against a city[, town, or certain other entities] 'for personal injury, wrongful death or damage to real or personal property alleged to have been sustained by reason of the negligence or wrongful act of such city[, town, or certain other entities],' unless a notice of claim has been served in compliance with section 50-e" (id.). The Court of Appeals has concluded that, under those statutes, a notice of claim is not required for alleged violations of the Human Rights Law because "[h]uman rights claims are not tort actions under section 50-e and are not personal injury, wrongful death, or damage to personal property claims under section 50-i" (id.). In doing so, the Court of Appeals adhered to the determinations of Departments of the Appellate Division that "the General Municipal Law does not encompass a cause of action based on the Human Rights Law" and that " '[s]ervice of a notice of claim is therefore not a condition precedent to commencement of an action based on the Human Rights Law in a jurisdiction where General Municipal Law §§ 50-e and 50-i provide the only notice of claim criteria' " (id., quoting Picciano v Nassau County Civ. Serv. Commn., 290 AD2d 164, 170 [2d Dept 2001]).
As the parties recognize, however, the case before us does not involve "a jurisdiction where General Municipal Law §§ 50-e and 50-i provide the only notice of claim criteria" (id. at 730 [emphasis added]). Instead, Town Law § 67 provides in relevant part that "[a]ny claim . . . which may be made against [a] town . . . for damages for wrong or injury to person or property or for the death of a person, shall be made and served in compliance with [General Municipal Law
§ 50-e]" (Town Law § 67 [1]) and that "[e]very action upon such claim shall be commenced pursuant to the provisions of [General Municipal Law § 50-i]" (Town Law § 67 [2]). Plaintiff contends that the scope of Town Law § 67 is the same as that of General Municipal Law §§ 50-e and 50-i such that the reasoning in Margerum applies equally to each statute, thereby rendering a notice of claim unnecessary for her Human Rights Law claims. We conclude that the statutory text and precedent demonstrate that plaintiff's contention lacks merit.
Town Law § 67 broadly applies to any claim against a town defendant for damages in five categories: (1) for wrong to person; (2) for injury to person; (3) for wrong to property; (4) for injury to property; and (5) for the death of a person (see Town Law § 67 [1]). By contrast, General Municipal Law § 50-i requires a notice of claim only for those actions involving claims "for personal injury, wrongful death or damage to real or personal property" (General Municipal Law
§ 50-i [1]). Even if, as plaintiff posits, there is no meaningful distinction between a claim for "injury to person" (Town Law § 67 [1]) and a claim for "personal injury" (General Municipal Law § 50-i [1]), the language of Town Law § 67 is still broader than its General Municipal Law counterpart because it also includes any claim against a town defendant for damages for a "wrong . . . to person" (Town Law
§ 67 [1]). Consistent with the purpose of the Human Rights Law, unlawful discrimination and retaliation is undoubtably considered a wrong against a person (see Executive Law § 290 [3]). Thus, the plain, unambiguous text of Town Law § 67 directs that a notice of claim is required for an action alleging violations of the Human Rights Law.
Plaintiff nonetheless points to the title of Town Law
§ 67—"Presentation of claims for torts: actions against towns"—in support of her argument that the statute applies only to torts, which do not include Human Rights Law claims. Plaintiff's reliance on the title is unavailing because, "[w]hile a title or heading may help clarify or point the [*3]meaning of an imprecise or dubious provision, it may not alter or limit the effect of unambiguous language in the body of the statute itself" (Squadrito v Griebsch, 1 NY2d 471, 475 [1956]) and, here, the unambiguous language in the body of Town Law § 67 does not limit its coverage to tort actions only (cf. General Municipal Law § 50-e [1] [a]).
In considering the text of Town Law § 67, Departments of the Appellate Division have concluded that "[s]uch language is broad enough to include an employment discrimination claim based on Executive Law § 296" (Picciano, 290 AD2d at 170; see Scopelliti v Town of New Castle, 210 AD2d 308, 309 [2d Dept 1994]; see also Thygesen v North Bailey Volunteer Fire Co., Inc., 106 AD3d 1458, 1460 [4th Dept 2013]). Contrary to plaintiff's assertion, the Court of Appeals' decision in Margerum did not alter the aforementioned case law. Margerum simply endorsed what Departments of the Appellate Division had already said, i.e., that service of a notice of claim is not a condition precedent to commencement of an action based upon the Human Rights Law in a jurisdiction where General Municipal Law §§ 50-e and 50-i provide the only notice of claim criteria (see Margerum, 24 NY3d at 730). Here, however, Town Law § 67 provides additional notice of claim criteria and contains different, broader language that covers causes of action based on the Human Rights Law (see Picciano, 290 AD2d at 170; Scopelliti, 210 AD2d at 309).
Plaintiff further contends that, even if she was required to serve a notice of claim regarding her Human Rights Law claims, she should be granted leave to serve a late notice of claim. We note that, as conceded by plaintiff's counsel at oral argument before this Court, plaintiff is not seeking leave to serve a late notice of claim with respect to her state law tort claims. We agree with plaintiff for the reasons that follow that she should be granted leave to serve a late notice of claim regarding her Human Rights Law claims.
As discussed above, "[a]ny claim . . . which may be made against [a] town . . . for damages for wrong or injury to person or property or for the death of a person, shall be made and served in compliance with [General Municipal Law § 50-e]" (Town Law § 67 [1]). "Pursuant to General Municipal Law § 50-e (1) (a), a party seeking to sue a public corporation . . . must serve a notice of claim on the prospective defendant 'within ninety days after the claim arises' " (Matter of Newcomb v Middle Country Cent. Sch. Dist., 28 NY3d 455, 460 [2016], rearg denied 29 NY3d 963 [2017]). "General Municipal Law
§ 50-e (5) permits a court, in its discretion, to [grant leave] extend[ing] the time for a [plaintiff] to serve a notice of claim" (id. at 460-461; see Matter of Dusch v Erie County Med. Ctr., 184 AD3d 1168, 1169 [4th Dept 2020]). "The decision whether to grant such leave 'compels consideration of all relevant facts and circumstances,' including the 'nonexhaustive list of factors' in section 50-e (5)" (Dalton v Akron Cent. Schools, 107 AD3d 1517, 1518 [4th Dept 2013], affd 22 NY3d 1000 [2013], quoting Williams v Nassau County Med. Ctr., 6 NY3d 531, 539 [2006]). " 'It is well settled that key factors for the court to consider in determining an application for leave to serve a late notice of claim are whether the claimant has demonstrated a reasonable excuse for the delay, whether the [public corporation] acquired actual knowledge of the essential facts constituting the claim within 90 days of its accrual or within a reasonable time thereafter, and whether the delay would substantially prejudice the [public corporation] in maintaining a defense on the merits' " (Matter of Turlington v Brockport Cent. Sch. Dist., 143 AD3d 1247, 1248 [4th Dept 2016]). "The presence or absence of any given factor is not determinative of the application and, moreover, the factors are 'directive rather than exclusive' " (Matter of Gumkowski v Town of Tonawanda, 156 AD3d 1481, 1481 [4th Dept 2017]). " 'While the discretion of Supreme Court [in considering the application] will generally be upheld absent demonstrated abuse[,] . . . such discretion is ultimately reposed in [the Appellate Division]' " (Dusch, 184 AD3d at 1169; see Matter of Stowe v City of Elmira, 31 NY2d 814, 815 [1972]; Matter of Kressner v Town of Malta, 169 AD2d 927, 928 [3d Dept 1991]; Rechenberger v Nassau County Med. Ctr., 112 AD2d 150, 153 [2d Dept 1985]; Matter of Febles v City of New York, 44 AD2d 369, 372 [1st Dept 1974]).
Preliminarily, even assuming, arguendo, that plaintiff's purported fear of continued retaliation by defendants even after she obtained employment with a police department in a different jurisdiction is not a reasonable excuse under the circumstances of this case, we note that "the failure of [plaintiff] to offer a reasonable excuse for her delay in serving a notice of claim . . . is not necessarily 'fatal to the application' " for leave to serve a late notice of claim (Matter of Lindstrom v Board of Educ. of Jamestown City School Dist., 24 AD3d 1303, 1304 [4th Dept [*4]2005]; see Dusch, 184 AD3d at 1169; Matter of Henderson v Town of Van Buren, 281 AD2d 872, 873 [4th Dept 2001]; see also Matter of Allende v City of New York, 69 AD3d 931, 933 [2d Dept 2010]; Matter of Hunt v County of Madison, 261 AD2d 695, 696 [3d Dept 1999]).
We agree with plaintiff that great weight should be accorded to the fact that defendants, by virtue of plaintiff's various complaints about the harassment, discrimination, and retaliation and Nightingale's direct participation therein, had actual knowledge of the facts constituting the claim in a timely manner. Although the presence or absence of any given factor is not determinative, it is well settled that "[a] factor to be accorded great weight in determining whether to grant leave to serve a late notice of claim is whether the [public corporation] had actual knowledge of the facts underlying the claim, including knowledge of the injuries or damages" (Dalton, 107 AD3d at 1518-1519). Consequently, " '[k]nowledge of the injuries or damages claimed . . . , rather than mere notice of the underlying occurrence, is necessary to establish actual knowledge of the essential facts of the claim within the meaning of General Municipal Law § 50-e (5)' " (Turlington, 143 AD3d at 1248). "[T]he [plaintiff] bears the burden of demonstrating that the [public corporation] had actual knowledge" (Dalton, 107 AD3d at 1519).
Here, as the court determined, there is no dispute that the Town and its officers had timely actual knowledge of the facts underlying the claim inasmuch as the record establishes that plaintiff repeatedly, and in detail, complained about Nightingale's behavior. Plaintiff first reported Nightingale's inappropriate conduct during a meeting with Winn in February 2018. Plaintiff met with Winn in January 2019 and again reported Nightingale's harassment and discrimination. Following that meeting, plaintiff submitted a written complaint to Winn in early February 2019 recounting six instances of sexual harassment by Nightingale and listing three witnesses to such behavior. Plaintiff's written complaint documented, in specific detail, six instances between April 2017 and January 2019 in which Nightingale singled plaintiff out for unnecessary touching. Nightingale had actual knowledge of the facts underlying the claim inasmuch as he was the perpetrator of the conduct; the other defendants, including the members of the Town's board, had actual knowledge of the facts at varying points after plaintiff first complained; and the Town eventually hired a third party to investigate the issues within the Town's police department, including plaintiff's allegations of sexual harassment. Consequently, as the court properly determined, the record establishes that defendants had actual knowledge of the occurrences underlying the claim (see Henderson, 281 AD2d at 873; see also Gurnett v Town of Wheatfield, 90 AD3d 1656, 1656 [4th Dept 2011]; Joyce P. v City of Buffalo, 49 AD3d 1268, 1268 [4th Dept 2008]; Matter of Trusso v Board of Educ. of Jamestown City School Dist., 24 AD3d 1302, 1303 [4th Dept 2005]; Lindstrom, 24 AD3d at 1304).
Defendants nonetheless assert that they lacked actual knowledge because they did not have notice of plaintiff's alleged injuries or damages. That assertion is belied by the record. In her written complaint, plaintiff expressly and repeatedly explained that Nightingale's incessant inappropriate touching made her uncomfortable and anxious and that she began to truly "dread" being around Nightingale in any capacity after an incident of unwanted touching in October 2018 during training at a firing range. Defendants were thus aware that Nightingale's conduct was causing plaintiff to suffer feelings of anxiety, discomfort, and dread, which are the same type of emotional injuries that plaintiff has alleged in the complaint. The fact that defendants may not have been apprised of the precise scope of plaintiff's injuries does not vitiate their actual knowledge of the facts underlying the claim, including knowledge of her alleged injuries (see Fish v New York Mills Union Free School Dist., 151 AD2d 976, 976 [4th Dept 1989]).
We further agree with plaintiff that the prejudice factor favors granting her leave to serve a late notice of claim. On an application for leave to serve a late notice of claim, the applicant has the initial burden of showing that late notice will not substantially prejudice the public corporation, which requires the applicant to "present some evidence or plausible argument that supports a finding of no substantial prejudice" (Newcomb, 28 NY3d at 466). "Once this initial showing has been made, the public corporation must respond with a particularized evidentiary showing that [it] will be substantially prejudiced if the late notice is allowed" (id. at 467).
Here, the record establishes that plaintiff met her initial burden by presenting "some evidence or plausible argument that supports a finding of no substantial prejudice" (id. at 466). Plaintiff's initial submissions and arguments, including her sworn affidavit, show that, following [*5]her complaints, Winn conducted an initial investigation and spoke with Nightingale, and that defendants eventually hired a third party to conduct a separate investigation into the Town's police department, including with respect to plaintiff's allegations (see Matter of Rodriguez v City of New York, 172 AD3d 556, 558 [1st Dept 2019]; cf. Matter of Mary Beth B. v West Genesee Cent. Sch. Dist., 186 AD3d 979, 980-981 [4th Dept 2020]).
The burden thus shifted to defendants to "respond with a particularized evidentiary showing that [they] will be substantially prejudiced if the late notice is allowed" (Newcomb, 28 NY3d at 467 [emphasis added]). Defendants assert that they established substantial prejudice because they were unable to obtain a timely medical examination of plaintiff. That assertion lacks merit because there is no evidence in the record to support it. Defendants submitted in opposition to the application only the affidavit of Winn, who merely asserted upon information and belief that plaintiff had been injured during her duties with her new police department. Defendants did not mention therein any desire to conduct a medical examination, let alone present particularized evidence of an inability to do so. To the extent that defendants raised the purported inability to conduct a medical examination in a memorandum of law written by their counsel and submitted in opposition to the application, we conclude that " '[t]he speculative assertions of [defendants'] counsel, unsupported by any record evidence, failed to satisfy [defendants'] burden to establish that late notice [would] substantially prejudice[ ] [their] ability to defend against [plaintiff's] claim[s]' " (Matter of Antoinette C. v County of Erie, 202 AD3d 1464, 1468 [4th Dept 2022]; see Dusch, 184 AD3d at 1171). Defendants therefore failed to meet their burden in opposition to plaintiff's showing that late notice would not substantially prejudice defendants (see Dusch, 184 AD3d at 1171).
Based on the foregoing, we modify the order in the exercise of our discretion by granting plaintiff leave to serve a late notice of claim with respect to the third and fourth causes of action (see e.g. id.; Matter of Rudloff v City of Rochester, 303 AD2d 1052, 1052-1053 [4th Dept 2003]; Matter of Battaglia v Medina Cent. School Dist., 204 AD2d 997, 997-998 [4th Dept 1994]) upon condition that plaintiff shall serve the proposed notice of claim within 30 days of the date of the entry of the order of this Court.
Entered: December 22, 2023
Ann Dillon Flynn
Clerk of the Court