Aponte v Town of Islip (2025 NY Slip Op 01282)

Aponte v Town of Islip

2025 NY Slip Op 01282

Decided on March 06, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: March 06, 2025

Before: Renwick, P.J., Gesmer, Shulman, Rosado, O'Neill Levy, JJ. 

Index No. 151329/23|Appeal No. 3845|Case No. 2023-05890|

[*1]Nicholas Aponte, Plaintiff-Appellant,
v
Town of Islip et al., Defendants-Respondents.

John A. Scola, PLLC, New York (John A. Scola of counsel), for appellant.
Law Office of William D. Wexler, North Babylon (William D. Wexler of counsel), for Town of Islip and Craig Cain, respondents.
Letitia James, Attorney General, New York (Cleland B. Welton II of counsel), for State of New York, respondent.
Muriel Goode-Trufant, Corporation Counsel, New York (Diana Lawless of counsel), for City of New York, respondent.

Order, Supreme Court, New York County (Judy H. Kim, J.), entered on or about October 30, 2023, which granted defendants' motions to dismiss the complaint and denied plaintiff's cross-motion for leave to amend, unanimously affirmed, without costs.
The State Human Rights Law (State HRL) causes of action were properly dismissed as against defendant Town of Islip, as plaintiff failed to serve a notice of claim or to commence this action within the prescribed time after his alleged constructive discharge (Town Law §§ 67[1]-[2]; see General Municipal Law §§ 50-e[1][a], 50-i[1][c]). Contrary to plaintiff's position the notice of claim provision in Town Law § 67 is not limited to claims for damages for personal injury, wrongful death, or injury to property (Picciano v Nassau County Civ. Serv. Commn., 290 AD2d 164, 170 [2d Dept 2001]). Rather, Town Law § 67 requires compliance with the notice of claim provisions in General Municipal Law §§ 50—e and 50—i for any claim against a town defendant for damages for a "wrong . . . to person" (Arnold v Town of Camillus, 222 AD3d 1372, 1375 [4th Dept 2023]; Town Law § 67[1]). This language is broad enough to include an employment discrimination claim based on State HRL (see Arnold, 222 AD3d at 1375; Picciano, 290 AD2d at 170). Even had plaintiff served a notice of claim, the action is time-barred because he failed to comply with General Municipal Law § 50-i by commencing this action beyond the year-and-90-day period (see Scopelliti v Town of New Castle, 210 AD2d 308, 309 [2d Dept 1994]).
Moreover, the State HRL and defamation claims against the individual defendant, an employee of the Town of Islip, were properly dismissed because of plaintiff's failure to serve a notice of claim (Town Law § 67[1]; see General Municipal Law § 50-e[1][a]). Plaintiff was required to timely serve a notice of claim upon the Town of Islip pursuant to General Municipal Law § 50-e (1) (a) as a condition precedent to commencing and maintaining this action against the individual defendant as the Town of Islip has a statutory obligation to indemnify its employee (General Municipal Law §§ 50-e[1][b]). The individual defendant was acting or in good faith purporting to act within the scope of his public employment when answering a phone call made to the Town regarding plaintiff's former employment (Town of Islip Town Code § 24-3[A]). The employee is not being sued in his individual capacity, as the allegations stem from his role as a Town employee (see Aykac v City of New York, 221 AD3d 494, 494 [1st Dept 2023]; see also Parpounas v Ohagan, 216 AD3d 985, 987 [2d Dept 2023]).
The State HRL claims were also properly dismissed as against defendants State of New York and City of New York. The State HRL's list of protected classes does not include caretaker or caregiver, in contrast to the City Human Rights Law (City HRL) (see Administrative Code of City of NY § 8-107[1][a]). Thus, even under the most liberal reading of the statute (see Executive [*2]Law § 300), "caring for an ailing family member is not a protected [category] under the Human Rights Law" (Matter of Floriano-Keetch v New York State Div. of Human Rights, 175 AD3d 960, 961 [4th Dept 2019]).
Nor does the State HRL extend to plaintiff's alleged association with a disabled person. Discriminatory action against an employee based on association with a disabled person cannot be taken "because of" the employee's own disability (Executive Law § 296[1][a]; see e.g. Arazi v Cohen Bros. Realty Corp., 2022 WL 912940, *8 n 7, 2022 US Dist LEXIS 56549, *24 n 7 [SD NY 2022, 1:20-cv-8837-GHW]). Moreover, although the Americans with Disabilities Act and the City HRL expressly prohibit adverse employment actions "because of the known disability of an individual with whom the qualified individual is known to have a relationship or association" (42 USC § 12112[b][4]) and "because of the actual or perceived . . . disability . . . of a person with whom such person has a known relationship or association" (Administrative Code of City of NY § 8-107[20]), the State HRL lacks a similar provision. Even though the State HRL must be "liberally construed" in a manner similar to the City HRL (Executive Law § 300), it "still must be interpreted based on its plain meaning" (McCabe v 511 West 232nd Owners Corp., — NY3d &mdash, 2024 NY Slip Op 06290 [2024]).
Turning to the additional claims against defendant City of New York, the parties do not dispute that the City HRL expressly prohibits discrimination against caregivers and those associated with disabled persons (Administrative Code of City of NY § 8-107[1][a], [20]). Nevertheless, the complaint does not allege that the City knew about plaintiff's association with or caregiving for his allegedly disabled mother-in-law, so its decision not to hire plaintiff based on representations by the Town that he had been terminated for drug use was not allegedly due to either protected category.
Supreme Court providently denied plaintiff leave to amend (CPLR 3025[b]). The proposed amended complaint both failed to remedy the procedural and substantive defects identified above and neglected to add any factual allegations concerning the City's actions (see 16 W. 8th LLC v Gluckman, 222 AD3d 449, 449 [1st Dept 2023]; Quire v City of New York, 210 AD3d 448, 449 [1st Dept 2022]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 6, 2025