Jarrod W.S. v Jordan-Elbridge Cent. Sch. Dist.

2026 NY Slip Op 02745

May 1, 2026

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

JARROD W.S. AND MICHELLE A.S., AND JARROD W.S. AND MICHELLE A.S., ON BEHALF OF THEIR INFANT CHILDREN, J.S. AND O.S., PLAINTIFFS-APPELLANTS,

v

JORDAN-ELBRIDGE CENTRAL SCHOOL DISTRICT, ET AL., DEFENDANTS-RESPONDENTS. (APPEAL NO. 1.)

Supreme Court of the State of New York, Appellate Division, Fourth Judicial Department

Decided on May 1, 2026

166 CA 25-00073

Present: Bannister, J.P., Montour, Greenwood, Nowak, And Hannah, JJ.

SMITH PARRY, P.L.L.C., JORDAN (JARROD W. SMITH OF COUNSEL), FOR PLAINTIFFS-APPELLANTS.

BOND, SCHOENECK & KING, PLLC, SYRACUSE (RICHARD L. WEBER OF COUNSEL), FOR DEFENDANTS-RESPONDENTS.

Appeal from an order of the Supreme Court, Onondaga County (Robert E. Antonacci, II, J.), entered September 26, 2024. The order, inter alia, granted the motion of defendants to dismiss the amended complaint and dismissed the amended complaint.

[*1]

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: Plaintiffs, individually and on behalf of their infant children, J.S. and O.S. (infant plaintiffs), commenced this action against defendants Jordan-Elbridge Central School District (School District), the Board of Education of the School District, and numerous employees of the School District, asserting causes of action for, inter alia, negligence stemming from the alleged bullying of J.S. while at the School District. In appeal No. 1, plaintiffs appeal from an order that, inter alia, granted defendants' motion to dismiss the amended complaint for failure to serve a timely notice of claim. In appeal No. 2, plaintiffs appeal from an order denying their motion for leave to reargue their opposition to defendants' motion, for leave to serve a late notice of claim, and for Supreme Court's recusal.

With respect to appeal No. 1, we reject plaintiffs' contention that the court erred in dismissing the amended complaint on the ground that plaintiffs failed to serve a notice of claim within 90 days after the claim arose (see Education Law § 3813 [2]; General Municipal Law § 50-e [1] [a]; see generally Matter of Ficek v Akron Cent. Sch. Dist., 144 AD3d 1601, 1601 [4th Dept 2016]). The alleged instances of bullying occurred from September 2019 until June 2021, but plaintiffs did not serve a notice of claim until April 2023. Contrary to plaintiffs' contention, the letters and emails they sent to the School District did not constitute notices of claim (see General Municipal Law § 50-e [2]; Rosenbaum v City of New York, 8 NY3d 1, 11-12 [2006]; Clune v Garden City Union Free School Dist., 34 AD3d 618, 619 [2d Dept 2006]).

With respect to appeal No. 2, no appeal lies from an order denying a motion seeking leave to reargue, and thus plaintiffs' appeal from that part of the order denying their motion to that extent must be dismissed (see Matter of Rochester Genesee Regional Transp. Auth. v Stensrud, 162 AD3d 1495, 1495 [4th Dept 2018], lv dismissed 35 NY3d 950 [2020]; Empire Ins. Co. v Food City, 167 AD2d 983, 984 [4th Dept 1990]). Plaintiffs contend in appeal No. 2 that the court abused its discretion in denying their motion to the extent it sought leave to serve a late notice of claim. We agree in part.

In determining whether to grant leave to serve a late notice of claim, " 'the court must consider, inter alia, whether [plaintiffs have] shown a reasonable excuse for the delay, whether [defendants] had actual knowledge of the facts surrounding the claim within 90 days of its accrual, and whether the delay would cause substantial prejudice to [defendants]' " (Diez v Lewiston-Porter Cent. Sch. Dist., 140 AD3d 1665, 1665 [4th Dept 2016]; see Brown v City of Buffalo, 100 AD3d 1439, 1440 [4th Dept 2012]; see generally Matter of Newcomb v Middle Country Cent. Sch. Dist., 28 NY3d 455, 461 [2016], rearg denied 29 NY3d 963 [2017]). Although "the presence or absence of any single factor is not determinative, one factor that should be accorded great weight is whether [defendants] received actual knowledge of the facts constituting the claim in a timely manner" (Matter of Szymkowiak v New York Power Auth., 162 AD3d 1652, 1654 [4th Dept 2018] [internal quotation marks omitted]; see Matter of Turlington v Brockport Cent. Sch. Dist., 143 AD3d 1247, 1248 [4th Dept 2016]). "[A] court's decision to grant or deny a motion to serve a late notice of claim is purely a discretionary one" (Newcomb, 28 NY3d at 465 [internal quotation marks omitted]) and, "[w]hile the discretion of Supreme Court [in considering the application] will generally be upheld absent demonstrated abuse[,] . . . such discretion is ultimately reposed in [the Appellate Division]" (Matter of Dusch v Erie County Med. Ctr., 184 AD3d 1168, 1169 [4th Dept 2020] [internal quotation marks omitted]; see Arnold v Town of Camillus, 222 AD3d 1372, 1377 [4th Dept 2023]).

Preliminarily, contrary to defendants' assertion, that part of plaintiffs' motion for leave to serve a late notice of claim was not untimely with respect to the infant plaintiffs. A plaintiff seeking to commence a tort action against a school district must do so within one year and 90 days (see General Municipal Law § 50-i [1] [c]). A motion seeking leave to serve a late notice of claim "may be made before or after the commencement of the action but not more than one year and 90 days after the cause of action accrued, unless the statute has been tolled" (Pierson v City of New York, 56 NY2d 950, 954 [1982]). "[W[here the time for commencing an action on the claim is tolled under CPLR 208, there will be a concomitant tolling of the time during which late notice of claim may be served" (Cohen v Pearl Riv. Union Free School Dist., 51 NY2d 256, 263 [1980]). Here, plaintiffs sought leave to serve a late notice of claim within one year and 90 days of the infant plaintiffs' 18th birthdays, and thus that part of the motion seeking leave to serve a late notice of claim with respect to infant plaintiffs was not untimely (see generally Quinn v Wallkill Sch. Dist., 215 AD3d 1113, 1115 [3d Dept 2023]).

Although plaintiffs failed to demonstrate a reasonable excuse for failing to serve a timely notice of claim, such failure "is not fatal where . . . actual notice was had and there is no compelling showing of prejudice to [defendants]" (Shaul v Hamburg Cent. Sch. Dist., 128 AD3d 1389, 1389 [4th Dept 2015] [internal quotation marks omitted]; see Matter of Mary Beth B. v West Genesee Cent. Sch. Dist., 186 AD3d 979, 980 [4th Dept 2020]; Matter of Lindstrom v Board of Educ. of Jamestown City School Dist., 24 AD3d 1303, 1304 [4th Dept 2005]). Again, it is well settled that actual knowledge of the essential facts constituting the claim is the factor that is accorded "great weight" in determining whether to grant leave to serve a late notice of claim (Santana v Western Regional Off-Track Betting Corp., 2 AD3d 1304, 1304 [4th Dept 2003], lv denied 2 NY3d 704 [2004]; see Williams v Nassau County Med. Ctr., 6 NY3d 531, 535 [2006]; Turlington, 143 AD3d at 1248).

We conclude that the record establishes that defendants "acquired actual knowledge of the essential facts constituting the claim" with respect to J.S. within the 90-day period in which the notice of claim was required to be served (General Municipal Law § 50-e [5]; Education Law § 3813 [2-a]; see Matter of Polito v North Babylon Sch. Dist., 246 AD3d 1098, 1099 [2d Dept 2026]; Matter of Christopher M. v Boquet Val. Cent. Sch. Dist., 200 AD3d 1176, 1177 [3d Dept 2021]; Ficek, 144 AD3d at 1602-1603), and defendants do not contend otherwise. Indeed, this is not a situation where defendants were unaware of "the facts underlying the claim" (Williams, 6 NY3d at 536; see Matter of C.B. v Carmel Cent. Sch. Dist., 164 AD3d 670, 671 [2d Dept 2018]; cf. Diez, 140 AD3d at 1666). Plaintiffs made numerous complaints to the School District through their letters and emails regarding incidents of bullying of J.S. that occurred from 2019 through June 2021. With respect to O.S., however, the record does not establish that she was ever bullied or that defendants were on notice of any alleged incidents involving O.S.

We further conclude that defendants would not be prejudiced by the late notice of claim with respect to J.S. (see Polito, 246 AD3d at 1100; Ficek, 144 AD3d at 1603; Matter of Mahan v Board of Educ. of Syracuse City School Dist., 269 AD2d 834, 834-835 [4th Dept 2000]) and [*2]again, defendants do not make any argument to the contrary.

Based on the foregoing, we modify the order in appeal No. 2 in the exercise of our discretion by granting in part plaintiffs' motion insofar as it sought leave to serve a late notice of claim with respect to the claims asserted on behalf of J.S. (see e.g. Arnold, 222 AD3d at 1380; Matter of Battaglia v Medina Cent. School Dist., 204 AD2d 997, 997-998 [4th Dept 1994]), deeming the notice of claim with respect to those claims timely served nunc pro tunc (see Terrigino v Village of Brockport, 88 AD3d 1288, 1288 [4th Dept 2011]), and reinstating the amended complaint with respect to those claims (see generally Bri-Den Constr. Co. v Board of Educ., Hempstead School Dist., 200 AD2d 605, 605 [2d Dept 1994]).

Finally, we reject plaintiffs' contention in appeal No. 2 that the court abused its discretion in denying the motion insofar as it sought recusal (see Matter of Cellino Law, LLP v Looney Injury Law PLLC, 219 AD3d 1669, 1669 [4th Dept 2023], lv denied 41 NY3d 902 [2024]; Matter of Allison v Seeley-Sick, 199 AD3d 1490, 1491 [4th Dept 2021]).

Entered: May 1, 2026

Ann Dillon Flynn

Clerk of the Court